J-S35006-17

2017 PA Super 212

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PAUL DAVID WEIMER | |
| Appellant | No. 1042 WDA 2016 |

Appeal from the PCRA Order July 12, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011522-2010,
CP-02-CR-0011523-2010, CP-02-CR-0011535-2010

BEFORE:  LAZARUS, J., RANSOM, J., and STEVENS, P.J.E.[*]

OPINION BY LAZARUS, J.:                          **FILED JULY 7, 2017**

Paul David Weimer appeals from the trial court's order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  In 2011, Weimer was found guilty by a jury of 21 criminal counts relating to his sexual abuse of three adolescent boys, R.Z., M.G., and J.D.  After careful review, we reverse the PCRA order, vacate the judgments of sentence for all three victims,[1] and remand for resentencing.

A prior panel of this Court aptly set forth the procedural history of this case as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** No. CC 201022522 (R.Z.); No. CC201011523 (M.G.); and No. CC 201011535 (J.D.).

[Weimer, who was forty years old,] was arrested on [August 5, 2010] and eventually charged, regarding [victim, J.D.] at 11535-2010, with involuntary deviate sexual intercourse ("IDSI"), unlawful contact with the minor, statutory sexual assault, indecent assault, furnishing liquor to minors, and two counts of corruption of minors; he was charged regarding [victim, J.C.] at 11524-2010, with unlawful contact with a minor, corruption of minors and open lewdness; regarding [victim, R.Z.], he was charged at 11522-2010 with two counts of rape, IDSI, unlawful contact with a minor, two counts of statutory sexual assault, endangering the welfare of children, corruption of minors, and furnishing liquor to minors; [and] regarding [victim, M.G.], he was charged at 11523-2010 with IDSI, indecent assault, endangering the welfare of children, and corruption of minors.

[*    *    *].

At the conclusion of the jury trial, [Weimer] was acquitted of all charges regarding [J.C.]; regarding [J.D.], he was convicted of furnishing liquor to minors, unlawful contact with a minor and two counts of corruption of minors, and acquitted of IDSI, statutory sexual assault and indecent assault; regarding [R.Z.], he was convicted of IDSI, unlawful contact with a minor, two counts of statutory sexual assault, endangering the welfare of children, corruption of minors, furnishing alcohol to minors, and acquitted of two counts of rape; regarding [M.G.], he was convicted of IDSI, indecent assault, endangering the welfare of children, and corruption of minors.

*Commonwealth v. Weimer*, 133 WDA 2012 (Pa. Super. unpublished memorandum filed 8/1/13).

The Commonwealth gave notice of its intent to seek imposition of the 10-year mandatory minimum sentence for the IDSI convictions, pursuant to 42 Pa.C.S. § 9718(a). Prior to sentencing, the court held a hearing where it determined that Weimer met the criteria to be classified as a Sexually

Violent Predator (SVP) under this Commonwealth's version of Megan's Law.[2]

On March 13, 2012, Weimer was sentenced to an aggregate term of imprisonment of 25-50 years. Specifically, the court sentenced Weimer to: consecutive sentences of 10-20 years of incarceration on each count of IDSI with regard to R.Z. and M.G., and a consecutive term of 5-10 years of incarceration for unlawful contact with a minor with regard to J.D.[3] Weimer filed post-trial motions that were denied on August 2, 2012, save for the court granting Weimer two days of credit. Weimer filed a timely direct appeal; our Court affirmed his judgment of sentence on August 1, 2013. On November 27, 2013, the Pennsylvania Supreme Court denied Weimer's petition for allowance of appeal.

On April 7, 2014, Weimer filed a *pro se* PCRA petition. On April 14, 2014, the court appointed PCRA Counsel, Thomas Farrell, Esquire. On May 28, 2014, the court granted counsel's petition to appoint an investigator. On February 25, 2015, the trial court gave Weimer Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. On June 16, 2015,

---

[2] **See** 42 Pa.C.S.A. §§ 9791-9799.9. On December 20, 2011, the legislature enacted the Sex Offender Registration and Notification Act (SORNA), effective in one year, or December 20, 2012. Thus, at the time Weimer was sentenced, SORNA was not yet in effect. However, under SORNA he is now classified as a Tier III offender who will be a lifetime registrant. **See** 42 Pa.C.S.A. §§ 9799.14(d)(4), 9799.15(a)(3).

[3] No further penalty was imposed on the remaining charges for which Weimer was convicted.

Attorney Farrell filed an amended PCRA petition on behalf of Weimer. On July 12, 2016, the court dismissed Weimer's petition. This timely collateral appeal follows. On appeal, Weimer presents the following issues for our consideration:

(1) Whether trial counsel gave ineffective assistance for failing to file a motion to withdraw, when there was a conflict of interest?

(2) Whether trial counsel gave ineffective assistance for failing to suppress evidence under the Fourth Amendment and Article I, Section 8[,] of the Pennsylvania Constitution?

(3) Whether trial counsel gave ineffective assistance for failing to object to the trial court's instruction that the Commonwealth did not have to prove beyond a reasonable doubt the date of the crime when the date of the crime was significant as to the age of the victim?

(4) Whether the trial court imposed an illegal sentence for the charges of involuntary deviate sexual intercourse when the trial court imposed mandatory sentences of ten to twenty years pursuant to 42 Pa.C.S. § 9718, which has been held to be facially unconstitutional?

(5) Whether the trial court imposed an illegal sentence of five to ten years of incarceration for unlawful contact with a minor?

(6) Whether the notice of intent to dismiss that was issued by the PCRA Court violated Rule 907(1) of the Pennsylvania Rules of Criminal Procedure?

The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Johnston**, 42 A.3d 1120, 1126 (Pa. Super. 2012).

We rely upon the opinion, authored by the Honorable Donna Jo McDaniel, to affirm issues one through three on appeal. First, Weimer has failed to show how either Attorney Collins or Attorney Allman "actively represented conflicting interests." *Cuyler v. Sullivan*, 446 U.S. 335 (1980). Moreover, to the extent that Weimer alleges Attorney Collins was ineffective in failing to file a motion to withdraw, we note that Weimer suffered no prejudice from this alleged misstep, where the trial court specifically concluded that it would not have granted such motion and where Attorney Allman adequately represented Weimer at trial. Second, Weimer cannot demonstrate that he was prejudiced by counsel's failure to seek to suppress a printout of an email exchange between himself and victim, J.C., which was introduced on J.C.'s redirect examination. The defense had, in fact, introduced the contents of that same email exchange, including a picture of a man later identified as J.C.'s friend, during cross-examination and also had it entered as a defense exhibit at trial. Third, the trial court did not need to charge the jury that it was required to determine, beyond a reasonable doubt, the exact date that the incidents occurred where the jury was instructed that, for purposes of the charged offenses, it did need to find that victims were under the age of sixteen when considering the IDSI offenses.

In his fourth issue on appeal, Weimer contends that his mandatory minimum sentences, imposed pursuant to 42 Pa.C.S. § 9718(a), are illegal

- 5 -

"where the mandatory sentencing structure [of section 9718] is facially unconstitutional."  Appellant's Brief, at 46.

Our Supreme Court has held section 9718 "irremediably unconstitutional on its face, non-severable, and void" under the principles espoused in *Alleyne*.[4]  *See Commonwealth v. Wolfe*, 140 A.3d 651, 663 (Pa. 2016).[5]  Moreover, because Weimer's judgment of sentence became final *after* *Alleyne* was decided, he is entitled to relief on his timely filed PCRA petition.  *See Commonwealth v. Ruiz*, 131 A.3d 54, 59-60 (Pa. Super. 2015) (defendant can raise *Alleyne* challenge in timely PCRA petition so long as judgment of sentence not yet final when *Alleyne* decided on June 17, 2013); *but see Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016) (Supreme Court has also held that *Alleyne* does not apply retroactively to cases pending on collateral review where judgment of sentence became final *before* *Alleyne* decided).[6]  Accordingly, the

_____

[4]  *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013) (holding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.").

[5] We note that the trial court incorrectly cites to *Commonwealth v. Matteson*, 96 A.3d 1064 (Pa. Super. 2014), to conclude that section 9718 does not violate *Alleyne* principles.  In *Wolfe*, *supra*, our Supreme Court held that "[*Commonwealth v.*] *Newman* abrogated this Court's decision in *Matteson*" and that a sentence applying section 9718 is illegal.  *Id.* 140 A.3d at 806.

[6] Although we recognize the apparent viability of *Commonwealth v. Ruiz*, 131 A.3d 54 (Pa. Super. 2015), which held that a defendant could succeed on an *Alleyne* challenge in a timely PCRA petition if the defendant's
*(Footnote Continued Next Page)*

judgments of sentence as to offenses committed against R.Z. and M.G. (CC 201011522 and CC 201011523, respectively) must be vacated and remanded to the trial court for resentencing without application of the mandatory minimum sentence under section 9718.

In his next issue, Weimer contends that the trial court imposed an illegal sentence of 5-10 years of imprisonment on the unlawful contact with a minor conviction with regard to victim J.D.  Specifically, Weimer argues that because the jury was never instructed as to what crime(s) Weimer committed for purposes of engaging in the unlawful conduct under section 6318, the lowest graded offense of which he was acquitted (indecent assault (M-2)) must be assumed and the grading of the offense under section 6318(b)(2) should be no more than a third-degree felony.[7]

Unlawful contact with a minor is defined as:

> **(a)  Offense defined.** — A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed

*(Footnote Continued)* ─────────────

judgment of sentence was not final at the time **Alleyne** was decided, the viability of that decision is currently under review.  **See Commonwealth v. Dimatteo**, 2017 Pa. LEXIS 378 (filed 2/15/17) (granting petition for allowance of appeal, in case applying **Ruiz**, and denoting issue as whether decision conflicts with **Washington** and whether the panel "ordered inappropriate relief, in that, the panel vacated that portion of the plea defendant challenged and remanded for resentencing" and noted that "defendant . . . *is not* [entitled to relief].").

[7] We note that the proper grading of an offense is a challenge to the legality of a sentence.  **Commonwealth v. Tustin**, 888 A.2d 843 (Pa. Super. 2005).

the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

（1） Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

（2） Open lewdness as defined in section 5901 (relating to open lewdness).

（3） Prostitution as defined in section 5902 (relating to prostitution and related offenses).

（4） Obscene and other sexual materials and performances as defined in section 5903 (relating to obscene and other sexual materials and performances).

（5） Sexual abuse of children as defined in section 6312 (relating to sexual abuse of children).

（6） Sexual exploitation of children as defined in section 6320 (relating to sexual exploitation of children).

18 Pa.C.S. § 6318(a). ***See Commonwealth v. Felder***, 75 A.3d 513, 517 (Pa. Super. 2013) (subsection 6318(a) sets forth specific crimes that may constitute forms of unlawful contact). A section 6318 offense is graded as follows:

(b) Grading. — A violation of subsection (a) is:

(1) an offense of the same grade and degree as the most serious underlying offense in subsection (a) for which the defendant contacted the minor; or

(2) a felony of the third degree; whichever is greater.

18 Pa.C.S. § 6318(b).

In order to be convicted under section 6318, a defendant does not have to be convicted of the underlying offense for which he contacted the

minor. ***Commonwealth v. Reed***, 9 A.3d 1138 (Pa. 2010). In other words, the offenses designated in sections 6318(a)(1)-(6) are not predicate offenses for the offense of unlawful contact with a minor. ***Id.*** Rather, a defendant is guilty under section 6318 if he or she *contacts* the minor for the purpose of engaging in the prohibited behaviors criminalized in Chapter 31 and 18 Pa.C.S §§ 5901, 5902, 5903, 6312, and 6320 of the Crimes Code. In fact, the Commonwealth need not even separately charge a defendant with an underlying offense set forth in sections 6318(a)(1)-(6). However, *if the Commonwealth does charge a defendant with an offense under sections 6318(a)(1)-(6)*, an acquittal is relevant for purposes of grading the section 6318 offense at sentencing under subsection 6318(b). ***Id.***

Instantly, the trial court charged the jury, regarding the unlawful contact conviction as follows:

> The defendant is charged with three counts of unlawful contact with a minor. The alleged victims are [J.C.], [J.D.] and [R.Z.]. In order to find the defendant guilty of this offense, you must find that each of the following elements has been proven beyond a reasonable doubt. First, that the defendant was intentionally in contact with a minor. **Second, that the contact was for the purposes of engaging in an unlawful act; that is, the crimes listed in the information.** And, third, that either the defendant or the person being contacted is within this Commonwealth.
>
> Contact is any direct or indirect communication by any means. A minor is an individual under the age of 18.

N.T. Jury Trial, 8/18/11, at 721-22 (emphasis added). ***See Commonwealth v. Reed***, 9 A.3d 1138 (Pa. 2010) (tying grading of section

6318 conviction to how Commonwealth charges and presents its case to jury).

Here, the bill of information,[8] which is relevant to how the jury was to determine Weimer's guilt regarding the crime of unlawful contact, states:

> The District Attorney of ALLEGHENY County, by this information charges that on (or about) Wednesday, the 1st day of March, 2006, through on (or about) Tuesday, the 17th day of August, 2010 in the said County of ALLEGHENY, PAUL DAVID WEIMER hereinafter called actor, did commit the crime or crimes indicated herein, that is
>
> **Count 2 UNLAWFUL CONTACT WITH MINOR Felony 2**
>
> The actor intentionally contacted a minor namely, John Doe, age 14 **for the purpose of arranging actual or simulated sexual activity or nudity for the purpose of sexual stimulation or gratification of another person as defined in section 6320[9] namely, Involuntary**

---

[8] Notably, in the criminal complaint, the Commonwealth charged Weimer with unlawful contact with a minor under a different subsection, as follows:

> 18 [Pa.C.S. §] 6318[(a)(1)] UNLAWFUL CONTACT WITH MINOR - FELONY 1 OFFENSE ENUMERATED IN CHAPTER 31 Fl 1 COUNT
>
> The actor intentionally contacted a minor namely, A KNOWN 14 YEAR-OLD MALE for the purpose of engaging in the activity of INVOLUNTARY DEVIATE SEXUAL INTERCOURSE in violation of 18 [§]Pa.C.S. §6318(a)(1).

[9] Section 6320 delineates the crime of "sexual exploitation of children," not involuntary deviate sexual intercourse, which is found at 18 Pa.C.S. § 3123(a)(1). Sexual exploitation of children is defined as:

> **(a)  Offense defined.** — A person commits the offense of sexual exploitation of children if he procures for another person

*(Footnote Continued Next Page)*

- 10 -

>**Deviate Sexual Intercourse, in violation of Section 6318(a)(6)** of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. §6318 (a)(6), as amended[.]

Criminal Information, 10/14/10, at 1 (emphasis added).

In ***Commonwealth v. Aikens***, 139 A.3d 244 (Pa. Super. 2016),[10] our Court recently addressed a similar grading issue with regard to the defendant's unlawful contact with a minor conviction under section 6318(a)(1). In ***Aikens***, the Commonwealth filed its information charging the defendant with: unlawful contact with a minor, corruption of minors, IDSI, statutory sexual assault, and indecent exposure. The defendant was found guilty of the unlawful contact and corruption charges; the jury acquitted him of IDSI and the remaining charges were *nolle prossed*. The

---

*(Footnote Continued)*

>a child under 18 years of age for the purpose of sexual exploitation.
>
>**(b) Penalty.** — An offense under this section is a felony of the second degree.
>
>**(c) Definitions.** — As used in this section, the following words and phrases shall have the meanings given to them in this subsection:
>
>"Procure." —To obtain or make available for sexual exploitation.

"Sexual exploitation." —Actual or simulated sexual activity or nudity arranged for the purpose of sexual stimulation or gratification of any person.

[10] We note that the Pennsylvania Supreme Court recently granted allowance of appeal in ***Aikens*** limited to the issue of whether "the court illegally sentence[d] Aikens on unlawful contact with a minor graded as an F-1 when it should have been graded as an F-3"? ***See Commonwealth v. Aikens***, 268 EAL 2016 (Pa. filed 11/2/16).

trial court graded the defendant's section 6318 conviction as a first-degree felony, based on its charge to the jury, which stated:

> [Defendant] has been charged with unlawful contact with a minor. To find [Defendant] guilty of this offense, you must find that each of the following elements has been proven beyond a reasonable doubt: First, that [Defendant] was intentionally in contact for the purpose of engaging in an unlawful act – and in this case, **that unlawful act is alleged to be [IDSI]**, the crime that we just discussed, that I just defined for you[.]

*Id.* at 247-48 (emphasis in original). The Court concluded that because the trial court's charge made it clear to the jury that the defendant was only accused of contacting the minor for one specific offense, IDSI, when the jury returned a verdict of guilt under section 6318, "it must have concluded, as a matter of fact, that [Defendant] contacted the victim for the purpose of engaging in IDSI." *Id.* at 248. Accordingly, the Court affirmed the grading of the section 6318 offense as a first-degree felony where "the jury did find that a first-degree felony was the 'most serious underlying offense . . . for which the defendant contacted the minor.'" *Id.*

Unlike the case in **Aikens**, here the trial court did not charge the jury with regard to the specific offense for which Weimer was accused of contacting the victim for purposes of section 6318. Therefore, we do not know the "most serious underlying offense . . . for which Weimer contacted the minor" for purposes of grading the offense under section 6318(b). **See Felder**, **supra** at 517 ("language of section 6318 expressly requires a factual determination of the crime 'for which the defendant contacted the

- 12 -

minor' in order to determine proper grading."). Because of this, the trial court would have had to have guessed what crime Weimer sought to commit when he contacted the minor. This is neither permitted nor intended under the statute. **Reed**, **supra**; **Aikens**, **supra**.

Based on these facts, we conclude that the section 6318(b)(2) default third-degree felony grading should have been applied where Weimer was acquitted of all charged section 6318(a) offenses, **Reed**, **supra**, and where the court's charge to the jury did not make it clear for which section 6318(a) offense Weimer was accused of contacting the minor. **See Aikens**, **supra** at 644 (where sentencing court would have to guess at which offense defendant sought to commit under section 6318, "[w]e cannot countenance that result.").[11] Thus, the court's 5-10 year sentence of imprisonment for Weimer's unlawful contact conviction with regard to victim J.D. is illegal where a third-degree felony under section 6318(b)(2) carries a statutory

_____

[11] Moreover, even if the jury had read the information for purposes of determining what, if any, of the crimes listed in it may have constituted the underlying offense for which Weimer contacted J.D., our decision about grading the offense would not change. The discrepancies in the Commonwealth's bill of information create further confusion with regard to exactly which subsection of section 6318, and its delineated crimes, the Commonwealth intended to use as the "underlying offense." While the information states that Weimer contacted J.D. for "the purpose of arranging actual or simulated sexual activity or nudity for the purpose of sexual stimulation or gratification of another person as defined in section 6320," the information later states that the underlying offense is the crime of IDSI, found at section 3123. **See supra** nn.9-10. These crimes not only have differing elements, but are also graded differently.

maximum sentence of seven years' imprisonment. Accordingly, we vacate the judgment of sentence as it relates to victim J.D. (CC 201011535) and remand for resentencing.

In his final issue on appeal, Weimer contends that he is entitled to relief due to the court's defective Rule 907 notice of its intent to dismiss his PCRA petition without a hearing. Specifically, Weimer asserts that because the court's notice failed to explain the reasons for the intended dismissal and what defects, if any, were in his petition, he has effectively been denied his right to file an amended petition to correct any defects under Pa.R.Crim.P. 905(a).

Weimer is correct in asserting that a Rule 907 pre-dismissal notice affords a petitioner the opportunity to seek leave to amend his petition and correct any material defects. **Commonwealth v. Rykard**, 55 A.3d 1177, 1189 (Pa. Super. 2012) (citing **Commonwealth v. Williams**, 782 A.2d 517, 526 (Pa. 2001)). The ultimate goal of this process is to permit merit review by the PCRA court of potentially arguable claims. **Id.**

While the trial court's Rule 907 notice did not specifically list the court's reasons for its intent to dismiss Weimer's petition or any perceived defects in Weimer's petition, we recognize that the court had previously granted counsel the opportunity to amend Weimer's *pro se* petition and also granted Weimer leave to submit *pro se* supplements to his petition. Moreover, in the four and one-half months that elapsed between the Rule 907 notice and the order dismissing Weimer's petition, the court accepted

numerous filings submitted on Weimer's behalf, including a supplemental petition certifying witnesses, *pro se* and counseled responses and objections to the Rule 907 notice, and a supplemental PCRA petition. The court acknowledged that it considered "the responses filed to [its] notice of intention to dismiss." Order Dismissing Post Conviction Petition without a Hearing, 7/12/16.[12] Under these circumstances, we find no merit to this issue on appeal. **See Commonwealth v. Albrecht**, 720 A.2d 693 (Pa. 1998) (under Pa.R.Crim.P. 1507(a), predecessor to Rule 907, Supreme Court found no defect in notice of intent to dismiss PCRA petition without hearing where petitioner could not demonstrate violation of rule because he was afforded both further proceedings and opportunity to present arguments in support of petition, which is all rule requires).

Order reversed. Judgments of sentence vacated. Case remanded for resentencing consistent with this opinion. Jurisdiction relinquished.[13]

---

[12] To the extent that Weimer filed *pro se* supplemental petitions in the court below, we note that the record reflects that he was still represented by Attorney Farrell. Although counsel filed a motion to withdraw, the trial court never granted that motion. In fact, Attorney Farrell remains listed as counsel on appeal. **See** Pa.R.Crim.P. 576(a)(4) (*pro se* filings of represented litigants); **Commonwealth v. Ellis**, 626 A.2d 1137 (Pa. 1993).

[13] We instruct the parties to attach a copy of Judge McDaniel's opinion in the event of further proceedings in the matter.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/7/2017</u>

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

vs.

PAUL WEIMER,
              Defendant.

CRIMINAL DIVISION

CC Nos. 201011522, 201011523,
           201011535.

SUPERIOR COURT
No. 1042 WDA 2016

**OPINION**

Filed By:
**Hon. Donna Jo McDaniel**

Copies mailed to:

Thomas N. Farrell, Esq.
100 Ross Street, Suite 1
Pittsburgh, PA 15219

Michael Streily, DDA
Office of the District Attorney
401 Courthouse
436 Grant Street
Pittsburgh, PA 15219

ORIGINAL
Criminal Division
Dept. of Court Records
Allegheny County PA

FILED
16 OCT 13 AM 9: 40

Dated: 10-13-2016

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

v.                                          CC: 201011522, 201011523, 201011535

PAUL WEIMER,

Defendant

## OPINION

The Defendant has appealed from this Court's Order of July 12, 2016, which dismissed his Amended Post Conviction Relief Act Petition without a hearing. However, a review of the record reveals that the Defendant has failed to present any meritorious issues on appeal and, therefore, this Court's Order should be affirmed.

The Defendant was charged with a total of 21 counts[1] encompassing Rape,[2] Involuntary Deviate Sexual Intercourse,[3] Statutory Sexual Assault,[4] Unlawful Contact with a Minor,[5] Endangering the Welfare of a Child,[6] False Imprisonment,[7] Corruption of Minors[8] and Selling or

---

[1] Due to the numerous charges, this Court has created a chart showing the charges, their disposition and resulting sentence, which it has attached to this Opinion as Appendix 1.

[2] 18 Pa.C.S.A. §3121(a)(1)

[3] 18 Pa.C.S.A. §3123(a)(7)

[4] 18 Pa.C.S.A. §3122.1

[5] 18 Pa.C.S.A. §6318(a)(6)

[6] 18 Pa.C.S.A. §4304

[7] 18 Pa.C.S.A. §2903(a)

[8] 18 Pa.C.S.A. §6301(a)(1)

1

Furnishing Liquor to Minors[9] in relation to various incidents with three young men who visited and lived in his home. A jury trial was held before this Court in August, 2011. At the conclusion of the Commonwealth's case, this Court granted the Defendant's Motion for Judgment of Acquittal at the False Imprisonment charge and denied it at all other counts. The jury returned a verdict of Not Guilty to the Rape charges at CC 201011522 and the IDSI, Indecent Assault and Statutory Sexual Assault charges at CC 201011535 and guilty of all remaining charges. The Defendant next appeared before this Court on March 13, 2012, when he was found to be a Sexually Violent Predator and was sentenced to two (2) consecutive terms of imprisonment of 10 to 20 years and one (1) consecutive term of imprisonment of five (5) to 10 years, for an aggregate sentence of 25-50 years. Post-Sentence Motions were granted as to the sentencing credit issue and denied in all other respects. The judgment of sentence was affirmed by the Superior Court on August 1, 2013 and the Defendant's subsequent Petition for Allowance of Appeal was denied on November 27, 2013.

No further action was taken until April 7, 2014 when the Defendant filed a pro se Post Conviction Relief Act Petition. Thomas Farrell, Esquire, was appointed to represent the Defendant and an Amended PCRA Petition was filed on June 16, 2015. After reviewing the Amended Petition and record and the Commonwealth's response thereto, this Court gave notice of its intent to dismiss the Petition on February 25, 2016. After again reviewing the record in light of the Defendant's Response to the Notice of Intent, this Court dismissed the Amended Petition without a hearing on July 12, 2016. This appeal followed.

---

[9] 18 Pa.C.S.A. §6310.1(a)

2

By way of a brief review, the evidence presented at trial established that when he was between the ages of 13 and 15, Jason Diaz did odd jobs at the Defendant's house. At various times when he was at the Defendant's house, Diaz testified that the Defendant gave him liquor (Trial Transcript, p. 216, 229), touched his private parts (T.T., p. 221), performed oral sex on him (T.T., p. 216), performed anal sex on him (T.T., p. 218), forced Diaz to perform oral sex on the Defendant (T.T., p. 226), induced Diaz and three other young teenage boys into having an oral sex "foursome" while the Defendant watched (T.T., p. 220), and had Diaz watch while other of the young teenagers performed oral sex on the Defendant (T.T., p. 222). Diaz also testified that the Defendant induced him into inviting over another boy, Rick Zimmerman, in order for the Defendant to have sex with him as well (T.T., p. 230)

On appeal, the Defendant raises nine (9)[10] claims of error. This Court has combined some issues and re-ordered them for ease of review. They are addressed as follows:

Initially, the Defendant raises a number of claims directed to the ineffective assistance of counsel. In order to establish a claim for the ineffective assistance of counsel, "a PCRA Petitioner must demonstrate, by a preponderance of the evidence, that: (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or inaction; and (3) there is a reasonable probability that the result of the proceedings would have been different absent such error." Commonwealth v. Gibson, 19 A.3d 512, 525-26 (Pa. 2011). "The law presumes that

---

[10] Reference is made to the oft-cited quote from Judge Aldisert: "With a decade and a half of federal appellate court experience behind me, I can say that even when we reverse a trial court, it is rare that a brief successfully demonstrates that the trial court committed more than one or two reversible errors...When I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to any of them. I do not say that this is an irrebuttable presumption, but it is a presumption nevertheless that reduces the effectiveness of appellate advocacy. Appellate advocacy is measured by effectiveness, not loquaciousness." Aldisert, The Appellate Bar: Professional Competence and Professional Responsibility – a View from the Jaundiced Eye of One Appellate Judge, 11 Cap.U.L.Rev. 445, 458 (1982).

3

counsel was not ineffective, and the appellant bears the burden of proving otherwise...[I]f the issue underlying the charge of ineffectiveness is not of arguable merit, counsel will not be deemed ineffective for failing to pursue a meritless issue... Also, if the prejudice prong of the ineffectiveness standard is not met, 'the claim may be dismissed on that basis alone and [there is no] need [to] determine whether the [arguable merit] and [client's interests] prongs have been met.'" Commonwealth v. Khalil, 806 A.2d 415, 421-2 (Pa.Super. 2002). "With regard to the reasonable basis prong, [the appellate court] will conclude that counsel's chosen strategy lacked a reasonable basis only if the petitioner proves that the alternative strategy not elected offered a potential for success substantially greater than the course acutely pursued." Commonwealth v. Busanet, 54 A.3d 35, 46 (Pa. 2012).

1.    *Ineffective Assistance of Counsel - Motion to Withdraw*

Initially, the Defendant argues that his first appointed attorney, Michelle Collins, Esquire, was ineffective for failing to file a Motion to Withdraw from her representation. This claim is meritless.

Attorney Michelle Collins of the Public Defender's Office was initially appointed to represent the Defendant but prior to trial, the Defendant became dissatisfied with her personally and sent her a letter demanding that she withdraw. Attorney Collins did not withdraw but instead transferred the case to another Public Defender, Carrie Allman, Esquire. Attorney Allman represented the Defendant through trial and, according to correspondence submitted by the Defendant, he remained pleased with her services until he was convicted at which point he became dissatisfied with her.

It is well established that "the right to appointed counsel does not include the right to counsel of the defendant's choice." Commonwealth v. Albrecht, 720 A.2d 693, 709 (Pa. 1998). Additionally, the decision of "whether to grant a defendant's petition to replace court appointed counsel is a decision which is left to the sound discretion of the trial court. As a general rule, however, a defendant must show irreconcilable differences between himself and his court appointed counsel before a trial court will be reversed for abuse of discretion in refusing to appoint new counsel. Commonwealth v. Floyd, 937 A.2d 494, 497 (Pa.Super. 2007), *internal citations omitted*. Our courts have held that "'substantial reasons' or 'irreconcilable differences' warranting appointment of new counsel are not established where the defendant merely alleges a strained relationship with counsel, where there is a difference of opinion in trial strategy, where the defendant lacks confidence in counsel's ability, or where there is brevity of pretrial communications. Id.

That the Defendant now seeks to raise an ineffectiveness claim against Attorney Collins is somewhat confusing to this Court. The Defendant's own pleadings indicate that his conflict with Attorney Collins was personal to her and not with the Public Defender's Office as a whole, and that once Attorney Allman, also from the Public Defender's Office, took over the case, the Defendant was satisfied with the transfer.

In order to sustain a claim for ineffective assistance, the Defendant would have to establish that had Attorney Collins filed a formal Motion to Withdraw, rather than simply transferring the case to another attorney, the result would have been different. The Defendant fails to establish that this Court would have even granted the Motion to Withdraw, let alone the remaining elements of his ineffectiveness claim. It is not this Court's practice to allow

5

defendants to serially request new attorneys for reasons of irreconcilable differences (which in this case appeared to be the Defendant's personal conflict with Attorney Collins and not an error or omission on her part) and this Court can say with certainty that had such a Motion been presented, this Court would have denied it. Thus, Attorney Collins' actions in transferring the case to Attorney Allman in her office actually resulted in the Defendant getting the relief he wanted (a new attorney), which he would otherwise not have been able to do. For her part, Attorney Allman performed ably and well at trial and the Defendant's rights and interests were well-represented (and indeed, the Defendant was pleased with her services up until the guilty verdict). Whatever the dispute between the Defendant and Attorney Collins, it did not impede the Defendant's right to a fair trial and to effective counsel in Attorney Allman. This claim is meritless.

2. *Ineffective Assistance of Counsel - Motion to Suppress*

Next, the Defendant argues that trial counsel was ineffective for failing to file a Motion to Suppress an email between the Defendant and victim Jordan Campbell because it was not included as a subject of the search warrant executed at the Defendant's home. Again, this claim is meritless.

At trial, during the cross-examination of victim Jordan Campbell, Attorney Allman questioned the witness regarding a document which included a photo of a man (later identified as the witness' friend, Chuck) above an email from the Defendant to Campbell dated April 29, 2010. The email was printed in its entirety and was completely legible. That document was marked as Defense Exhibit A and was later admitted. Then, on re-direct, the Commonwealth

6

marked and admitted a text-only copy of the same email (without the picture) as Commonwealth's Exhibit 7:

> Q.   (Ms. Allman): Mr. Campbell, do you recognize the person in that picture at all?
>
> A.   (Jordan Campbell): Yes.
>
> Q.   Who's that person?
>
> A.   This is my friend, Chuck.
>
> Q.   How old's Chuck?
>
> A.   Chuck is 32.
>
> Q.   Okay. So he's an adult male, as well?
>
> A.   Yes.
>
> Q.   Is he homosexual? Do you know?
>
> A.   He had expressed doubts about his sexuality.
>
> Q.   Did you have any relationship with Chuck of a sexual nature?
>
> A.   No.
>
> Q.   Not prior to Mr. Weimer?
>
> A.   No.
>
> Q.   Did you ever tell Mr. Weimer that you had a sexual relationship with Chuck?
>
> A.   I told him that we had hung out, not that he had actually had any sort of sexual relationship.
>
> THE COURT: Can we mark that as Defense A, please, for purposes of the record.
>
> MS. ALLMAN: Yes, Your Honor. I'll grab my stickers.

7

No further questions of this witness, Your Honor.

MR. SCHULTE: Just a very few questions.

<u>REDIRECT EXAMINATION</u>

Q.    (Mr. Schulte): I'm going to show you a text of that email. Do you remember getting that email?

A.    (Jordan Campbell): I believe so, yes.

THE COURT: Can you tell me what exhibit we're on, please?

MR. SCHULTE: I'm going to mark - this will be Commonwealth's Exhibit 7. I skipped seven before.

THE COURT: Okay.

Q.    And who was this email from?

A.    This email is from Paul.

Q.    Okay. And you understood it to be from Paul?

A.    Yes.

Q.    Okay. And that's his email as you knew it?

A.    Yes.

Q.    And in the recipient spot there, that's your email, right?

A.    Yes.

Q.    And do you remember the context behind getting this email?

A.    I don't really remember. I believe I had just woken up and discovered that I had that email one morning.

Q.    Do you remember if you responded to this?

A.    I don't recall.

8

Q. Okay.

MR. SCHULTE: Your Honor, I've marked this as Commonwealth's Exhibit 7, and I'd move for its admission. And may I briefly publish it?

THE COURT: Yes. It will be admitted.

(Trial Transcript, p. 84-86).

The Defendant now argues that trial counsel was ineffective for failing to seek suppression of the email as presented by the Commonwealth. However, this argument completely disregards that the email was presented and marked as an exhibit by defense counsel before the text-only copy was introduced by the Commonwealth. Because the Defendant introduced the email himself before the Commonwealth did, he cannot claim that he was prejudiced by the Commonwealth's later use of the same email.

Moreover, the Defendant's argument also completely disregards that he was acquitted of all charges relating to victim Jordan Campbell and he has thus utterly failed to establish any prejudice from the Commonwealth's use of the email. Insofar as the Defendant introduced the email first himself and was subsequently acquitted of all charges relating to Jordan Campbell, he has utterly failed to establish his claim that counsel was ineffective for failing to seek the email's suppression. This claim must also fail.

3. *Ineffective Assistance of Counsel - Zealous Advocacy*

The Defendant also argues that trial counsel was ineffective in failing to zealously advocate for him at trial. Again, this claim is meritless.

The Defendant now avers that Attorney Allman failed to zealously advocate for him at trial both as a general proposition and for a laundry list of perceived examples of ineffectiveness

9

which were not explained, discussed or analyzed. "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." Commonwealth v. Reeves, 907 A.2d 1, 2 (Pa.Super. 2006), citing Commonwealth v. Dowling, 78 A.2d 683, 686-7 (Pa.Super. 2001). Given the lack of explanation or review, this Court is unable to provide any meaningful analysis of the Defendant's laundry list of perceived wrongs. As such, these claims of error are waived.

To the extent that the Defendant seeks to raise a claim regarding Ms. Allman's conduct in general, that claim is also meritless. After presiding at trial and having the opportunity to observe Ms. Allman's conduct both before and during trial, this Court feels that Ms. Allman was obviously well-prepared for trial, that she engaged in effective witness examinations, both on direct and cross-examination, that she made appropriate and effective arguments and, ultimately, that she presented the best defense she could with the facts she was given. It is also important to note that she did secure acquittals on the most serious charges. It is understandable that the Defendant is upset by the guilty verdicts, however, the mere fact that some of the verdicts were guilty does not mean that counsel was ineffective. As discussed above and below, there was no basis for a finding of ineffectiveness on any of the specific allegations, nor is there a basis for a finding of cumulative ineffective assistance. This claim must also fail.

*4.    Ineffective Assistance of Counsel - Failure to Call Witness*

Next, the Defendant argues that trial counsel was ineffective in failing to present the testimony of Elizabeth Beroes, Esquire because "she was able to call into question the credibility of multiple Commonwealth witnesses" (Defendant's Amended PCRA Petition, Section IV).

As it specifically relates to a claim for ineffectiveness for the failure to call a witness, the petitioner must establish that "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial." Commonwealth v. Matias, 63 A. 3d 807, 810-811 (Pa.Super. 2013). "Ineffectiveness for failing to call a witness will not be found where a defendant fails to provide affidavits from the alleged witnesses indicating availability and willingness to cooperate with the defense." Commonwealth v. O'Bidos, 849 A.2d 243, 249 (Pa.Super. 2004). "Failure to call a witness is not per se ineffective assistance of counsel, for such a decision implicates matters of trial strategy. It is [the petitioner's] burden to demonstrate that trial counsel had no reasonable basis for declining to call [a particular person] as a witness. 'Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests.' **A claim of ineffectiveness generally cannot succeed through comparing, in hindsight, the trial strategy employed with alternatives not pursued.**" Commonwealth v. Hammond, 953 A.2d 544, 558 (Pa.Super. 2008), *emphasis added*.

Here, the Defendant avers only that trial counsel was ineffective in failing to call Attorney Beroes because she would "call into question the credibility of multiple

11

Commonwealth witnesses" (Defendant's Amended PCRA Petition, Section IV). The Defendant does not provide any specifics regarding the substance of her testimony, nor has he attached an affidavit from Attorney Beroes indicating the substance of her testimony and that she was willing and available to testify for the defense. The Defendant's argument that Attorney Beroes was sighted in the courtroom during trial does not mean that she was available and willing to testify on his behalf.

Given the complete absence of any specific information regarding what Attorney Beroes' testimony would have been, any evidence that it would have changed the result or its absence deprived the Defendant of a fair trial, and any proof that she was willing and available to testify on the Defendant's behalf, the Defendant has utterly failed to establish his claim for ineffective assistance of counsel in this regard. This claim must also fail.

5.    *Ineffective Assistance of Counsel - Jury Instructions*

The Defendant also argues that this Court erred in instructing the jury that it did not need to determine the date the incidents occurred beyond a reasonable doubt. Again, this claim is meritless.

When reviewing a challenge to jury instructions, "it is the function of [the appellate] court to determine whether the record supports the trial court's decision. In examining the propriety of the instructions a trial court presents to a jury, [the appellate court's] scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by

12

what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the Appellant was prejudiced by that refusal." Commonwealth v. Sandusky, 77 A.3d 663, 667 (Pa.Super. 2013).

Pennsylvania law regarding the date of a crime is well-settled:

**Rule 560. Information: Filing, Contents, Function**

(b)    The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:

        (3)    the date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was committed **on or about any date** within the period fixed by the statute of limitations shall be sufficient;

Pa.R.Crim.Pro. 560, emphasis added.

It is the duty of the prosecution to 'fix the date when an alleged offense occurred with reasonable certainty'... The purpose of so advising a defendant of the date when an offense is alleged to have been committed is to provide him with sufficient notice to meet the charges and prepare a defense.

However, 'due process is not reducible to a mathematical formula,' and the Commonwealth does not always need to prove a specific date of an alleged crime... Additionally, 'indictments must be read in a common sense manner and are not to be construed in an overly technical sense'... Permissible leeway regarding the date varies with, inter alia, the nature of the crime and the rights of the accused...

Case law has further 'established that the Commonwealth must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct'... This is especially true when the case involves a sexual offense against a child victim.

13

Commonwealth v. Brooks, 7 A.3d 852, 857-8 (Pa.Super. 2010).

At the conclusion of the trial, this Court instructed the jury, in part, as follows:

THE COURT: It is not the defendant's burden to prove that he is not guilty. Instead, it is the Commonwealth that always has the burden of proving each and every element of the crimes charged beyond a reasonable doubt. A person accused of a crime is not required to present evidence or to prove anything in his own defense...

...The indictments allege that the crimes were committed between March of 2006 and August of 2010. You are not bound by any of these dates that are alleged in the information. It is not an essential element of any of the crimes charged. You may find the defendant guilty if you are satisfied beyond a reasonable doubt that he committed the crime charged in the indictment, even though you are not satisfied that he committed it on a particular date that is alleged in the indictment...

...The defendant is charged with three counts of involuntary deviate sexual intercourse. There are three alleged victims. One victim would apply to each count. The alleged victims are Mario Gorsop, Jason Diaz, Rick Zimmerman.

In order to find the defendant guilty of involuntary deviate sexual intercourse, you must find that the following elements have been met beyond a reasonable doubt. First, that the defendant had deviate sexual intercourse with the children. Second, that the children were under the age of 16. Third, that the defendant was four or more years older than the children. And, fourth, that the defendant and child were not married to one another....
...Don't let the name of this crime, involuntary deviate sexual intercourse, mislead you. It is immaterial to the charge of involuntary deviate sexual intercourse with a child under 16 that the child did not object or resist or even that the child consented. When a child is under 16, the law treats deviate sexual intercourse as involuntary, even if the child is a willing partner.

(T.T. pp. 710, 715-716, 720-721).

This Court did not err in giving the instruction that date was not an essential element of the offenses, because it was not. Because the jury instruction was consistent with the statute and was an accurate statement of law, counsel was not ineffective for failing to challenge it. This claim must also fail.

6.    *Illegal Sentence - Involuntary Deviate Sexual Intercourse*

The Defendant next avers that this Court imposed an illegal mandatory sentence at the Involuntary Deviate Sexual Intercourse charges. Although he initially framed this issues in terms of the ineffective assistance of counsel in his Amended Petition, he now simply avers trial court error. However, a review of the record reveals that this claim is meritless.

Section 9718 of our Judicial Code provides for the following mandatory minimum sentences:

**§9718. Sentences for offenses against infant persons.**

(a).    *Mandatory sentence. –*

(1)    *A person convicted of the following offenses when the victim is less than 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:*

*18 Pa.C.S. §2702(a)(1) and (4) (relating to aggravated assault) – not less than two years.*

*18 Pa.C.S. §3121(a)(1), (2), (3), (4) and (5) (relating to rape) – not less than ten years.*

*18 Pa.C.S. §3123 (relating to involuntary deviate sexual intercourse) – not less than ten years.*

*18 Pa.C.S. §3125(a)(1) through (6) (relating to aggravated indecent assault) – not less than five years.*

Our appellate courts have recently authored a line of cases following the United States Supreme Court's decision in Alleyne v. United States, 133 S.Ct. 2151 (2013), holding that mandatory minimum sentencing schemes, which require certain factual findings to trigger or increase the minimum sentence, are unconstitutional because they require proof of an additional fact(s) that was not submitted to the jury. See, e.g., Commonwealth v. Newman, 99 A.3d 86

15

(Pa.Super. 2014), Commonwealth v. Valentine, 101 A.3d 801 (Pa.Super. 2014) and Commonwealth v. Wolfe, 106 A.3d 800 (Pa.Super. 2014). Newman and Valentine both concerned sentencing enhancements for firearms violations and Wolfe concerned a mandatory minimum sentence pursuant to 42 Pa.C.S.A. §9718(a), where the victim was under 16 years of age.

However, the Defendant's case is distinguishable from Newman, Valentine and Wolfe, *supra*, because the crimes for which he was convicted required the jury's finding that the victim was under age 16. Because the factor which gave rise to the mandatory minimum sentence was an element of the offense, the jury had already made the requisite finding beyond a reasonable doubt.

Our Superior Court addressed this identical issue in Commonwealth v. Matteson, 96 A.3d 1064 (Pa.Super. 2014). In Matteson, the defendant was convicted of Aggravated Indecent Assault of a Child and Indecent Assault of a Person Under 13. He was sentenced to a mandatory minimum term of imprisonment of 10 to 20 years at the Aggravated Indecent Assault of a Child charge. He appealed, claiming that his sentence was illegal pursuant to Alleyne and that mandatory minimum sentencing schemes were, in general, unconstitutional. In affirming the judgment of sentence, the Superior Court stated:

> 'The Alleyne decision…renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally inform insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard.'… However, the Sixth Amendment concerns present in Alleyne are not implicated in this case. Here, Matteson was charged with aggravated indecent assault of a child, which requires, *inter alia*, that the victim is less than 13 years of age. See 18 Pa.C.S.A. §3125. The victim testified that she was 11 years old at the time of the incident… The jury received an instruction that it was required to find that the victim was less

16

than 13 years of age... Therefore, by finding Matteson guilty of aggravated indecent assault of a child beyond a reasonable doubt, the jury specifically found the element required to impose the mandatory minimum sentence... Thus, the requirements of Alleyne have been met and Matteson's claim is without merit.

Commonwealth v. Matteson, 96 A.3d 1064, 1066-1067 (Pa.Super. 2014).

In the instant case, the Defendant was sentenced to two (2) mandatory minimum sentences for Involuntary Deviate Sexual Intercourse with a Child. These offenses required the jury's preliminary finding that the victims were under the age of 16 at the time of the commission of the crimes. By finding the Defendant guilty of these offenses, the jury made the requisite factual finding to satisfy Alleyne and so the sentences were not illegal. This claim is meritless.

7.    *Illegal Sentence - Unlawful Contact of a Minor*

The Defendant next avers that this Court imposed an illegal sentence at the Unlawful Contact with a Minor charge "when Appellant was convicted of unlawful contact with a minor based upon various theories of the Commonwealth including that Appellant indecently assaulted the victim pursuant to 18 Pa.C.S. §3126(a)(8), a misdemeanor of the second-degree, which made the grade of the crime of unlawful contact a felony of the third-degree" (Defendant's Concise Statement of Errors Complained of on Appeal, p. 2). This claim is meritless.

The Defendant was charged with Unlawful Contact with a Minor (Sexual Exploitation of Children) pursuant to §6318(a)(6), as follows:

*§6318. Unlawful contact with minor*

(a).    *Offense defined. – A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following,*

17

*and either the person initiating the contact or the person being contacted is within this Commonwealth:*

> *(6).    Sexual exploitation of children as defined in section 6320 (relating to sexual exploitation of children).*

> *(b).    Grading. – A violation of subsection (a) is:*

>> *(1).    an offense of the same grade and degree as the most serious underlying offense in subsection (a) for which the defendant contacted the minor; or*

>> *(2).    a felony of the third degree;*

> *whichever is greater.*

18 Pa.C.S.A. §6318.

Sexual exploitation of children is further enumerated in our Crimes Code as follows:

*§6320.  **Sexual exploitation of children***

> *(a).    Offense defined. – A person commits the offense of sexual exploitation of children if he procures for another person a child under 18 years of age for the purpose of sexual exploitation.*

> *(b).    Penalty. - An offense under this section is a felony of the second degree.*

18 Pa.C.S.A. §6320.

Here, the Defendant was charged with and convicted of subsection (a)(6) of Unlawful Contact with a Minor, relating to Sexual Exploitation of Children. Sexual Exploitation of Children is, by statute, a felony of the second degree. Thus, pursuant to §6318(b)(1), the Unlawful Contact charge appropriately assumed the underlying grading of Sexual Exploitation of Children, a second-degree felony. This Court did not err in grading the Unlawful Contact charge as a second-degree felony and sentenced the Defendant appropriately thereon. This claim must fail.

18

8.    *Trial Court Error*

Finally, the Defendant argues that this Court erred in filing a defective Notice of Intent to Dismiss the Amended Petition and in "refusing to allow" the Defendant to file a Second Amended Petition.  This claim is meritless.

On February 25, 2016, this Court filed a Notice of Intent to Dismiss the Defendant's Amended PCRA Petition without a hearing.  That Order stated:

### NOTICE OF INTENTION TO DISMISS PCRA PETITION WITHOUT A HEARING

AND NOW, to-wit, this 25 day of February, 2016, petitioner is hereby put on notice that after a thorough review of the record which included the Amended Petition filed by appointed counsel, the Commonwealth's Response and the Defendant's pro se Supplements; this Court intends to dismiss the petition without a hearing.

The Petitioner may respond to the proposed dismissal within 20 days of the date of this notice in accordance with Pa.R.Crim.P. Rule 907.

BY THE COURT:
s/McDaniel, J.

A review of the record demonstrates that the Order met the requirements of Rule 907. The Order noted the documents reviewed and gave the appropriate notice of the intent to dismiss it.  Rule 907 does not require a lengthy analysis of the reasons for the dismissal, as the Defendant seems to suggest.    Rather, the Order was appropriate and in accordance with the Rules of Procedure.  This claim is meritless.

As to the Defendant's claim that this Court "refused to allow" him to file a second Amended Petition in response to the Notice of Intent to Dismiss, this claim is belied by the

record. After the Notice of Intent to Dismiss was filed on February 25, 2016, this Court accepted the following findings from the Defendant:

- Response to Notice of Intent to Dismiss, March 11, 2016, by Attorney Farrell;

- Objection to Notice of Intent to Dismiss, March 16, 2016, by the Defendant; and

- Supplemental Petition in Support of PCRA, March 18, 2016, by the Defendant.

This Court did review and consider the Defendant's pro se and counseled filings and noted the same in its Order dismissing the Petition on July 12, 2016. Thus, the Defendant's claim that this Court refused to allow him to respond to the Notice of Intent to Dismiss is false and so must fail.

Accordingly, for the above reasons of fact and law, this Court's Order of July 12, 2016, which dismissed the Defendant's Amended Post Conviction Relief Act Petition without a hearing, must be affirmed.

BY THE COURT:

_____ ,J.

Dated:  October 13, 2016

20

| CC# | Crime | Victim | Section (18 Pa.C.S.A.) | Disposition | Sentence |
|---|---|---|---|---|---|
| 201011522 | Rape | Rick Zimmerman | 3121(a)(1) | Not Guilty | |
| | Involuntary Deviate Sexual Intercourse (IDSI) | Rick Zimmerman | 3123(a)(7) | Guilty | 10-20 years imprisonment |
| | Rape | Rick Zimmerman | 3121(a)(1) | Not Guilty | |
| | Unlawful Contact with a Minor | Rick Zimmerman | 6318(a)(6) | Guilty | No Further Penalty (NFP) |
| | Statutory Sexual Assault | Rick Zimmerman | 3122.1 | Guilty | NFP |
| | Statutory Sexual Assault | Rick Zimmerman | 3122.1 | Guilty | NFP |
| | Endangering the Welfare of a Child | Rick Zimmerman | 4304 | Guilty | NFP |
| | False Imprisonment | Rick Zimmerman | 2903(a) | MJA Granted | |
| | Corruption of Minors | Rick Zimmerman | 6301(a)(1) | Guilty | NFP |
| | Selling or Furnishing Liquor to Minors | Rick Zimmerman | 6310.1(a) | Guilty | NFP |
| 201011523 | IDSI | Mario Gorsop | 3123(a)(7) | Guilty | 10-20 years imprisonment |
| | Indecent Assault | Mario Gorsop | 3126(a)(8) | Guilty | NFP |
| | Endangering the Welfare of a Child | Mario Gorsop | 4304 | Guilty | NFP |
| | Corruption of Minors | Mario Gorsop | 6301(a)(1) | Guilty | NFP |

| 201011535 | IDSI | Jason Diaz | 3123(a)(7) | Not Guilty | |
| | Unlawful Contact with a Minor | Jason Diaz | 6318(a)(6) | Guilty | 5-10 years imprisonment |
| | Statutory Sexual Assault | Jason Diaz | 3122.1 | Not Guilty | |
| | Corruption of Minors | Jason Diaz | 6301(a)(1) | Guilty | NFP |
| | Corruption of Minors | Jason Diaz | 6301(a)(1) | Guilty | NFP |
| | Indecent Assault | Jason Diaz | 3126(a)(8) | Not Guilty | |
| | Selling or Furnishing Liquor to Minors | Jason Diaz | 6310.1(a) | Guilty | NFP |