J-S73036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                            :         PENNSYLVANIA
                            :
            v.              :
                            :
                            :
                            :
GREGORY SCOTT SOURBEER,     :
                            :
            Appellant       :        No. 938 MDA 2019

Appeal from the PCRA Order Entered May 8, 2019
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0000933-1976

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MARCH 10, 2020**

Gregory Scott Sourbeer ("Sourbeer") appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In its Pa.R.Crim.P. 907 Notice of Intent to Dismiss, the PCRA court set forth the relevant factual background as follows:

> On October 6, 1976, [Sourbeer] was convicted of one count of [m]urder of the [f]irst [d]egree.  The conviction arose from the murder of [Sourbeer]'s mother in March 1976[,] when [Sourbeer] was fourteen years old.  Pursuant to the then-applicable sentencing statute, [Sourbeer] received a mandatory sentence of life imprisonment without the possibility of parole (LWOP).
>
> After the United States Supreme Court's decisions in **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, [] 136 S. Ct. 718 (2016), which held unconstitutional the mandatory imposition of LWOP for juveniles convicted prior to June 25, 2012, and require[d] individualized sentences for juveniles, [Sourbeer] appeared before the [sentencing c]ourt for a resentencing hearing on October 5, 2017.  The [sentencing c]ourt imposed a sentence of twenty-five years to [life in prison,

and gave credit for time served of approximately 41 years.] …
[Sourbeer] did not file a post-sentence motion or direct appeal. …

On April 5, 2018, [Sourbeer], *pro se*, filed a timely [P]etition
for post-conviction collateral relief pursuant to the [PCRA]. The
[PCRA c]ourt appointed [counsel] to represent [Sourbeer] in the
disposition of his PCRA claim. On October 2, 2018, counsel filed
an amended PCRA petition.

Rule 907 Notice, 3/14/19, at 1-2 (footnotes omitted).

After filing a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, the PCRA
court dismissed the Petition without a hearing. Sourbeer filed a timely Notice
of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of
matters complained of on appeal.

On appeal, Sourbeer raises the following questions for our review:

A. At [Sourbeer's] resentencing, the [sentencing] court directed
that [Sourbeer] will spend the rest of his life on parole. Did the
PCRA court err when it found that the lifetime tail was legal and
constitutional?

B. At [Sourbeer's] resentencing, the [sentencing] court imposed
an inapplicable mandatory twenty-five year minimum sentence.
Did the PCRA court err when it did not vacate his illegal sentence?

Brief for Appellant at 2-3 (questions reordered).[1]

---

[1] We note that Sourbeer has presented the issues in his brief differently than
in his Pa.R.A.P. 1925(a) Concise Statement. In Sourbeer's Concise
Statement, he alleges that his resentencing counsel was ineffective in failing
to "object to and preserve whether Defendant's mandatory lifetime tail is
unconstitutional," and "to object to an illegal mandatory minimum sentence
of twenty-five years." ***See*** Pa.R.A.P. 1925(b)(4)(vii) (providing that "[i]ssues
not included in the Statement … are waived."). In light of our disposition, we
decline to find Sourbeer's claims waived.

"The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." **Commonwealth v. Weimer**, 167 A.3d 78, 81 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Id.** (citation omitted).

In his first claim, Sourbeer alleges that his maximum sentence of life in prison is illegal pursuant to **Miller** and **Montgomery**. **See** Brief for Appellant at 7-10. Sourbeer argues that the Pennsylvania Supreme Court's application of **Miller** in **Commonwealth v. Batts**, 163 A.3d 410 (Pa. 2017) ("**Batts II**"), and its progeny are "incorrect." **Id.** at 7. According to Sourbeer, **Miller** requires that he be resentenced to a maximum sentence of less than life in prison. **Id.** at 8-10.

Sourbeer concedes that this Court has previously determined that a maximum sentence of life in prison is constitutional pursuant to our Supreme Court's holding in **Batts II**. **See** Brief for Appellant at 8-10; **Commonwealth v. Seskey**, 170 A.3d at 1108-09 (Pa. Super. 2017) (holding that a resentencing court must impose a mandatory maximum sentence of life in prison when resentencing a juvenile defendant who was convicted of first-degree murder prior to **Miller**). As a result, we are bound to determine that the resentencing court was required to sentence Sourbeer to a maximum term of life in prison, and thus find no abuse of discretion.

In his second claim, Sourbeer alleges that his minimum sentence of twenty-five years in prison is illegal. **See** Brief for Appellant at 5-10. According to Sourbeer, the sentencing court wrongly believed that Sourbeer was subject to the mandatory minimum sentence of twenty-five years set forth at 18 Pa.C.S.A. § 1102.1, and sentenced him pursuant thereto. **Id.**

Here, the sentencing court granted Sourbeer credit for time-served of approximately 41 years. Thus, Sourbeer has served his minimum sentence of 25 years, and is currently eligible for parole. Even if we found Sourbeer's minimum sentence to be illegal, and remanded for resentencing on his minimum sentence, a decreased minimum sentence would not provide Sourbeer any relief. **See Commonwealth v. Nava**, 966 A.2d 630, 632-33 (Pa. Super. 2009) (stating that "[a] case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy."). We therefore conclude that the issue is moot, and decline to address the claim on its merits.

Accordingly, as neither of Sourbeer's claims entitle him to relief, we affirm the Order on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/10/2020