J-S44039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HANOCH RUBEN MOYER | : | |
| | : | |
| Appellant | : | No. 1197 MDA 2022 |

Appeal from the PCRA Order Entered August 11, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001023-2020

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:         **FILED JANUARY 09, 2023**

Hanoch Ruben Moyer (Moyer) appeals from the August 11, 2022 order of the Court of Common Pleas of York County (PCRA court) dismissing his petition filed pursuant to the Post-Conviction Relief Act (PCRA)[1] without an evidentiary hearing. We reverse the order and remand for further proceedings.

Only a brief procedural history is necessary to our disposition. In 2021, Moyer entered a *nolo contendere* plea to corruption of minors[2] and was sentenced to five years of probation. He did not appeal. In April 2022, he

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541 *et seq.*

[2] 18 Pa.C.S. § 6301(a)(1)(i).

filed a timely counseled PCRA petition alleging that plea counsel was ineffective and contended that he had discovered new evidence that would have been relevant to his defense at trial.

The PCRA court initially scheduled an evidentiary hearing on the petition. However, prior to the hearing, it issued an order holding that there were no issues of material fact necessitating a hearing and dismissing the petition. The order briefly addressed the merits of the issues Moyer had pled in his petition but did not provide Moyer with the requisite twenty days to respond before entering the dismissal. *See* Pa.R.Crim.P. 907(1). Moyer timely appealed and he and the PCRA court have complied with Pa. R.A.P. 1925.[3]

On appeal, Moyer argues that the PCRA court erred by dismissing his petition without complying with the notice requirements of Rule 907.[4] We agree.

Rule of Criminal Procedure 907 provides:

(1) [T]he judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, **the judge shall give notice to the parties**

_____

[3] "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Weimer*, 167 A.3d 78, 81 (Pa. Super. 2017).

[4] The PCRA court candidly admitted to its error in its opinion pursuant to Pa. R.A.P. 1925(a) and requested that this Court remand the matter for further proceedings.

**of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice.** The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa. R. Crim. P. 907(1) (emphasis added). We have previously held that notice of the intention to dismiss under Rule 907 is mandatory and failure to comply with the Rule is reversible error. ***Commonwealth v. Wooden***, 215 A.3d 997, 1001 (Pa. Super. 2019).

Here, the PCRA court concedes that it dismissed Moyer's petition without providing him with notice and an opportunity to respond pursuant to Rule 907. Accordingly, we vacate the order dismissing the petition and remand for the PCRA court to issue notice in accordance with the Rule.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/09/2023