J-A05041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARIUS HAYNES | : | |
| | : | No. 1958 EDA 2017 |
| Appellant | | |

Appeal from the PCRA Order June 14, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014275-2010

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 12, 2018**

Appellant, Arius Haynes, appeals from the June 14, 2017, order entered in the Court of Common Pleas of Philadelphia County dismissing his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing.  After a careful review, we affirm.

The relevant facts and procedural history are as follows: On April 7, 2011, a jury convicted Appellant, who was represented by counsel, on the charges of possession with the intent to deliver a controlled substance ("PWID") and criminal conspiracy.[1]  On June 2, 2011, the trial court sentenced

_____

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 903, respectively.

_____

*   Former Justice specially assigned to the Superior Court.

Appellant to three and one-half years to seven years in prison for PWID, to be followed by five years of probation for conspiracy. Appellant filed a direct appeal to this Court, and on September 14, 2012, we affirmed his judgment of sentence.[2] *See Commonwealth v. Haynes*, No. 1552 EDA 2011 (Pa.Super. filed 9/14/12) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On November 29, 2012, Appellant filed a timely *pro se* PCRA petition, and thereafter, on November 19, 2014, he filed an amended *pro se* petition. On January 27, 2016, the PCRA court appointed J. Matthew Wolfe, Esquire, to represent Appellant,[3] and on February 7, 2017, counsel filed an amended PCRA petition on behalf of Appellant. The Commonwealth filed a motion to dismiss Appellant's PCRA petition, and on May 2, 2017, the PCRA court provided Appellant with notice of its intent to dismiss the petition without an evidentiary hearing. *See* Pa.R.Crim.P. 907. Appellant did not respond to the PCRA court's notice, and by order filed on June 14, 2017, the PCRA court dismissed Appellant's PCRA petition on the basis it lacked merit. This timely, counseled appeal followed. All Pa.R.A.P. 1925 requirements have been met.

_____

[2] On appeal, Appellant contended the trial court erred in failing to suppress the physical evidence seized by the police, and we found no error.

[3] The record does not provide a reason for the delay in the appointment of counsel.

On appeal, Appellant contends the trial court imposed an illegal mandatory minimum sentence in violation of *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151 (2013), and *Commonwealth v. Hopkins*, 632 Pa. 36, 117 A.3d 247 (2015). Further, he contends his trial/direct appeal counsel[4] was ineffective in failing to object and/or raise the issue regarding the imposition of the illegal sentence.

> When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a *de novo* standard.

*Commonwealth v. Johnson*, 635 Pa. 665, 139 A.3d 1257, 1272 (2016) (quotation marks and quotations omitted). As long as this Court has jurisdiction over a matter, a legality of sentencing issue is reviewable and cannot be waived. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa.Super. 2007).

> In 2013, the Supreme Court of the United States issued its *Alleyne* decision, overruling its prior precedent. *Alleyne* held that any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt. *See Alleyne*, 570 U.S. at 116, 133 S.Ct. at 2163.[5] The effect was to invalidate a range of Pennsylvania sentencing statutes predicating

---

[4] Louis Francis D'Onofrio, Esquire, represented Appellant in the trial court and on direct appeal.

[5] *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), which held that any fact that increases the punishment for a crime beyond the statutorily prescribed maximum must be submitted to the jury and found beyond a reasonable doubt.

mandatory minimum penalties upon non-elemental facts and requiring such facts to be determined by a preponderance of the evidence at sentencing. *See, e.g., Hopkins*, [*supra*] (holding that Section 6317 of the Crimes Code, 18 Pa.C.S. § 6317-which predicates a mandatory minimum sentence upon a fact to be determined by a preponderance at sentencing-was constitutionally infirm, under *Alleyne*).

*Commonwealth v. Washington*, 636 Pa. 301, 142 A.3d 810, 812 (2016) (footnote added).

However, our appellate courts have held that *Alleyne* does not apply retroactively to cases on collateral review where the petitioner's judgment of sentence became final *before* *Alleyne* was decided. *See Washington*, *supra*; *Commonwealth v. Weimer*, 167 A.3d 78 (Pa.Super. 2017). Recently, in *Commonwealth v. DiMatteo*, No. 10 MAP 2017, 2018 WL 459340 (Pa. filed 1/18/18), our Supreme Court reaffirmed its holding in *Washington*.[6]

Here, assuming, *arguendo*, the trial court imposed a mandatory minimum sentence,[7] Appellant is not entitled to the retroactive application of

_____

[6] In *DiMatteo*, our Supreme Court held that a PCRA petitioner serving an illegal sentence under *Alleyne* is not barred from relief when relief is sought in a timely PCRA petition and the judgment of sentence was not final at the time the *Alleyne* decision was filed. However, our Supreme Court in *DiMatteo* also reaffirmed its holding in *Washington* that, where the petitioner's judgment of sentence became final before *Alleyne* was decided, the petitioner is not entitled to collateral relief based on *Alleyne*. *See DiMatteo*, *supra*.

[7] The Commonwealth argues Appellant did not receive a mandatory minimum sentence.

*Alleyne*. Appellant's sentence was imposed on June 2, 2011, and we affirmed his judgment of sentence on September 14, 2012. Appellant did not file a petition for allowance of appeal. Accordingly, his judgment of sentence became final thirty days thereafter, on Monday, October 15, 2012.[8] *See* 42 Pa.C.S.A. § 9545(b)(3) (indicating a judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review."); Pa.R.A.P. 1113 (indicating a petition for allowance of appeal to the Supreme Court shall be filed within 30 days after entry of the order of the Superior Court). *Alleyne* was decided thereafter on June 17, 2013. Thus, since Appellant's judgment of sentence became final prior to the filing of *Alleyne*, he is not entitled to retroactive application of *Alleyne* in this PCRA matter. *See DiMatteo*, *supra*; *Washington*, *supra*. Accordingly, the PCRA court properly found that Appellant was not entitled to relief on his legality of sentencing claim.

Appellant next claims that his trial/direct appeal counsel was ineffective in failing preserve his sentencing issue in the lower court and on direct appeal.

> It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate

---

[8] We note that because the thirtieth day fell on a Sunday, Appellant had until Monday, October 15, 2012, to file his petition for allowance of appeal. *See* 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation).

- 5 -

> that counsel's performance was deficient and that such deficiency prejudiced him. To prevail on an ineffectiveness claim, the petitioner has the burden to prove that (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. The failure to satisfy any one of the prongs will cause the entire claim to fail.

***Commonwealth v. Benner***, 147 A.3d 915, 919–20 (Pa.Super. 2016) (quotation marks, quotations, and citations omitted).

To the extent Appellant premises his ineffectiveness claim on the theory that ***Alleyne*** rendered the sentencing statute at issue unconstitutional "from the time of its enactment," he is incorrect. This Court has rejected such a theory. ***Commonwealth v. Ciccone***, 152 A.3d 1004 (Pa.Super. 2016) (*en banc*) (holding that, while a mandatory sentencing statute was rendered illegal by ***Alleyne***, it was not rendered void *ab initio*, and thus the defendant's sentence was not illegal when imposed and ***Alleyne*** did not apply retroactively).

To the extent Appellant premises his ineffectiveness claim on the theory that his trial/direct appeal counsel should have anticipated the change in the law, our Supreme Court has held that "counsel will not be deemed ineffective for failing to anticipate a change in the law." ***Commonwealth v. Cox***, 581 Pa. 107, 863 A.2d 536, 554 (2004) (citation omitted). Consequently, trial/direct appeal counsel was not ineffective for failing to predict the new rule of law announced in ***Alleyne*** or its progeny.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/12/18