J-S83035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES DOUGLAS BRAGES, | : | |
| | : | |
| Appellant | : | No. 935 WDA 2018 |

Appeal from the PCRA Order Entered May 15, 2018
in the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0001574-2012

BEFORE: PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 15, 2019**

James Douglas Brages ("Brages") appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On February 12, 2013, following a jury trial, Brages was found guilty of theft by unlawful taking, receiving stolen property, and possession of an instrument of crime.[1] The trial court sentenced Brages to an aggregate term of 48 to 96 months in prison. On April 30, 2014, this Court affirmed the judgment of sentence, and on November 6, 2014, the Pennsylvania Supreme Court denied Brages's Petition for allowance of appeal. **See Commonwealth v. Brages**, 102 A.3d 548 (Pa. Super. 2014) (unpublished memorandum), **appeal denied**, 104 A.3d 1 (Pa. 2014).

_____

[1] **See** 18 Pa.C.S.A. §§ 3921(a), 3925(a), 907(a).

On February 3, 2015, Brages, *pro se*, filed the instant timely PCRA Petition. The PCRA court appointed Brages counsel, who filed an Amended Petition. On May 15, 2018, following a hearing, the PCRA court denied Brages's PCRA Petition. Brages filed a timely Notice of Appeal and a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Brages presents the following claims for our review:

1. The [PCRA c]ourt erred in denying [Brages's] claim for post-conviction relief as it pertained to his [trial] counsel's failure to call a witness at trial who would have corroborated [Brages's] defense that the $9,000.00 found on his person was his and not the alleged victim's.

2. The [PCRA c]ourt erred in denying [Brages's] claim for post-conviction relief as it pertained to his [trial] counsel's failure to request a "***Kloiber***"[2] jury charge in regards to the testimony of [Samuel] Mardis[,] who testified on behalf of the Commonwealth[,] that he could not see the alleged suspect's face, nor could he make out any facial features, and that his view was obstructed by trees, shrubs[,] and full foliage as he briefly viewed a person over 260 feet away from his enclosed porch.

3. The [PCRA c]ourt erred in denying [Brages's] claim for post-conviction relief as it pertained to his [trial] counsel's failure to request a mistrial as it pertained to several prejudicial comments made by the attorney for the Commonwealth during closing arguments.

4. The [PCRA c]ourt erred in denying [Brages's] claim for post-conviction relief as it pertained to his claim that his [direct appeal] counsel was ineffective in failing to file a Statement [p]ursuant to [Pa.]R.A.P. 2119(f) to challenge the discretionary aspects of his sentence on direct appeal.

Brief for Appellant at 4 (footnote added).

---

[2] ***See Commonwealth v. Kloiber***, 106 A.2d 820 (Pa. 1954).

In his first claim, Brages alleges that his trial counsel, Patricia Moore, Esquire ("Attorney Moore"), was ineffective by failing to investigate, interview, and call at trial a witness.[3] **See** Brief for Appellant at 10-12. Brages argues that the witness would have testified that the money found in his possession at the time of his arrest belonged to Brages. **Id.** at 12. Brages claims that he advised Attorney Moore of this witness, and Attorney Moore "failed to pursue the lead." **Id.** According to Brages, had the witness testified, Brages may have been acquitted of all charges. **Id.**

"The standard of review of an order [denying] a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." **Commonwealth v. Weimer**, 167 A.3d 78, 81 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Id.** (citation omitted).

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish that "the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that [the a]ppellant was prejudiced."

_____

[3] Brages did not name the purported witness in his brief.

***Commonwealth v. Charleston***, 94 A.3d 1012, 1020 (Pa. Super. 2014). "A

PCRA petitioner must address each of these prongs on appeal."

***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018).

> A claim of ineffective assistance of counsel for
>
> [n]eglecting to call a witness differs from failing to investigate a witness in a subtle but important way. The failure to investigate presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation. It can be unreasonable *per se* to conduct no investigation into known witnesses. Importantly, a petitioner still must demonstrate prejudice. To demonstrate prejudice where the allegation is the failure to interview a witness, the petitioner must show that there is a reasonable probability that the testimony the witness would have provided would have led to a different outcome at trial.
>
> In this respect, a failure to investigate and interview a witness claim overlaps with declining to call a witness since the petitioner must prove: (i) the witness existed; (ii) the witness was available to testify; (iii) counsel knew of, or should have known of, the existence of the witness; (iv) the witness was willing to testify; and (v) the absence of the testimony was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Pander***, 100 A.3d 626, 638-39 (Pa. Super. 2014)

(citations and quotation marks omitted).

In its Opinion, the PCRA court concisely addressed Brages's first claim

as follows:

> At the [PCRA] hearing, Attorney Moore testified that she recalled conversations related to a witness who could corroborate Brages'[s] contention that the large amount of currency seized in his backpack was from a tax refund. This witness was, in Attorney Moore's recollection, a female that had formerly been in a relationship with Brages. Attorney Moore indicated she did not get a name or number of the person[,] and [she] encouraged Brages to get this information from the witness. Attorney Moore testified that she was unsure if this person would be a good

witness. She also indicated she [had] discussed her preferred trial strategy with Brages that focusing on the money was not as beneficial as focusing on the actual identification of him by the Commonwealth's witnesses. Attorney Moore indicated that the facts she heard from Brages regarding the tax return did not remain consistent[,] and that she feared it may be an unwise strategy to present it if Brages took the stand. We found Attorney Moore's testimony to be credible in all respects.

Brages testified that the unnamed witness was Melanie Pinette, his ex-wife. As far as he knew[,] she had a house in Harrisburg or Mechanicsburg. He did not indicate any number or address for her. He indicated that the tax return was deposited in her bank account and then she took $1,000.00 and he kept $5,000.00. No evidence outside of Brages['s] testimony was presented regarding the existence of this person. We do not find Brages credible with regard to this witness. Moreover, there was no evidence presented that this witness was available to testify or willing to testify, assuming arguendo, that she exists. The absence of this witness was not shown to this [c]ourt to be so prejudicial as to have denied Brages a fair trial. Without any credible evidence about this witness, we cannot speculate as to her importance at trial. There is no way to gauge the credibility or the weight the jury would have given to this witness. For these reasons, we find Brages fails to meet all three prongs of the ineffectiveness standard….

PCRA Court Opinion, 5/15/18, at 5-6. We agree with the PCRA court's sound

rationale and determination, and affirm on this basis in rejecting Brages's first claim.[4]

In his second claim, Brages alleges that Attorney Moore was ineffective for failing to request a "**Kloiber**" jury instruction. **See** Brief for Appellant at 13-15. According to Brages, one of the eyewitnesses at his trial, Samuel Mardis ("Mardis"), testified that he did not clearly see Brages on the night of the crime, and that his view of Brages was obstructed and at a long distance. **Id.** at 13. Brages points out that a **Kloiber** instruction would have cautioned the jury regarding the reliability of Mardis's identification, and argues that Attorney Moore was ineffective for failing to request the **Kloiber** instruction. **Id.**

> A **Kloiber** instruction informs the jury that an *eyewitness identification* should be viewed with caution when either the witness did not have an opportunity to view the defendant clearly, equivocated on the identification of the defendant, or has had difficulties identifying the defendant on prior occasions.

_____

[4] We note that the PCRA hearing transcript is absent from the certified record. "With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a). When the appellant … fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." **Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006). Nonetheless, we affirm on the merits based on the summary of testimony provided in the PCRA court's Opinion.

***Commonwealth v. Pander***, 100 A.3d 626, 635 (Pa. Super. 2014) (emphasis added).

Here, Mardis did not specifically identify Brages as the individual he observed. Indeed, in his testimony, Mardis stated that he did not see the person's face, and could not identify the individual:

> Q  … Did anything out of the usual, did you see anything out of the usual on that day as you were sitting on your back porch?
>
> A  I saw a man wearing dark clothes and a backpack, ball cap on a bicycle….
>
> ….
>
> Q  Were you ever able to see his face?
>
> A  No, I was not.
>
> Q  Just his clothes, his backpack?
>
> A  His clothes, yes, and the bicycle.

N.T., 2/11/13, at 68-71. Thus, the requisite for a ***Kloiber*** instruction, an eyewitness identification, was not met, and Brages's underlying claim lacks merit. ***See Pander***, ***supra***. Moreover, Brages failed to establish that he was prejudiced. ***See Charleston***, ***supra***. Accordingly, Attorney Moore was not ineffective for failing to request a ***Kloiber*** instruction.

In his third claim, Brages alleges that Attorney Moore was ineffective for failing to request a mistrial. ***See*** Brief for Appellant at 15-21. Brages argues that several comments made in the Commonwealth's closing argument constituted prosecutorial misconduct. ***Id.*** at 17-21. Brages claims that the comments prejudiced the jury, and were grounds for a mistrial. ***Id.***

- 7 -

In its Opinion, the PCRA court set forth the relevant law and addressed Brages's claim as follows:

> Comments by the Commonwealth's attorney do not constitute reversible error unless the "unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict." *Commonwealth v. Anderson*, 461 A.2d 208, 211 (Pa. 1983). In *Anderson*[,] it was alleged that trial counsel was ineffective for failing to request a mistrial after objectionable remarks were made by the Commonwealth during summation. [*Id.* at 213.] Trial counsel testified that he believed he was winning the case[,] and therefore[,] did not request a mistrial. *Id.* The Pennsylvania Supreme Court found this to be a reasonable basis for electing not to move for a mistrial. [*Id.* at 215.]
>
> Similarly, Attorney Moore testified that her belief at the time of the comments was that the trial had gone well and she made a tactical decision to not move for mistrial. Such a belief was, perhaps with the benefit of hindsight to some degree, borne out by the fact that the jury did indeed render not guilty verdicts for the lead charges of burglary and criminal trespass. Thus, we find that Attorney Moore had a reasonable basis for not pursuing a mistrial and do not find that the failure to request a mistrial was ineffective assistance of counsel where she: 1) made a timely objection, 2) received a favorable ruling and 3) the [trial c]ourt gave a curative instruction not once but twice in the midst of the Commonwealth's summation. Additionally, Attorney Moore testified that although it was not her intention[,] she believed that her objections may have benefitted [Brages] to some degree in that [the objections] may have blunted the effectiveness of the Commonwealth's argument. For these reasons, we decline to afford relief.

PCRA Court Opinion, 5/15/18, at 8-9 (some citations omitted). As an addendum, we note that Brages failed to demonstrate that the outcome of trial would have been different if not for Attorney Moore's purported errors. *See Charleston, supra*; *see also id.* at 1026 (stating that "unsupported

speculation" does not establish a reasonable probability that the outcome of trial would have been different). We agree with the PCRA court's sound rationale and determination, and affirm on this basis in rejecting Brages's third claim.[5]

In his fourth claim, Brages alleges that his direct appeal counsel, John Lovette, Esquire ("Attorney Lovette"), was ineffective for failing to file a Statement pursuant to Pa.R.A.P. 2119(f) with his brief on direct appeal. *See* Brief for Appellant at 21-23. Brages states that this omission resulted in a waiver of his excessive sentence claim. *Id.* at 21. Brages argues that Attorney Lovette's omission constitutes *per se* ineffectiveness of counsel. *Id.*

Here, Brages cites extensive legal support, but fails to develop any meaningful argument as to how his underlying claim has merit, why Attorney Lovette lacked a reasonable basis for his actions, and how Brages was prejudiced. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009). It is not the role of this Court to "formulate [an a]ppellant's arguments for him." *Id.* at

---

[5] Similar to Brages's second claim, because we are deprived of the PCRA hearing transcript, we could deem this claim waived. *See Preston*, *supra*. However, we affirm on the merits based on the summary of testimony provided by the PCRA court.

925; ***see also Commonwealth v. Chmiel***, 30 A.3d 1111, 1128 (Pa. 2011) (noting that boilerplate allegations and bald assertions cannot satisfy a petitioner's burden to prove ineffective assistance of counsel). Because Brages failed to properly develop this claim for our review, it is waived.

Based on the foregoing, the PCRA court properly denied Brages's PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2019