J-S20004-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DORIAN PETERSON, | : | |
| | : | |
| Appellant | : | No. 1398 WDA 2017 |

Appeal from the PCRA Order September 1, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0001812-2008,
CP-02-CR-0016116-2007

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                     FILED JUNE 20, 2019

Dorian Peterson ("Peterson") appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). See 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On November 4, 2009, following a jury trial, Peterson was convicted of criminal attempt, criminal conspiracy, aggravated assault, and recklessly endangering another person at case number CP-02-CR-0001812-2008 ("1812-2008"),[1] and first degree murder, criminal conspiracy, and prohibited offensive weapon at case number CP-02-CR-0016116-2007 ("16116-2007").[2] On February 1, 2010, the trial court sentenced Peterson, at 1812-2008, to an aggregate term of 10 to 20 years in prison.  At 16116-2007, the trial court

_____

[1] 18 Pa.C.S.A. §§ 901(a), 903(a)(1), 2702(a)(1), 2705.

[2] 18 Pa.C.S.A. §§ 501(a), 903(a)(1), 908(a).

sentenced Peterson to life in prison. On March 16, 2012, this Court affirmed Peterson's judgment of sentence at both case numbers. See Commonwealth v. Peterson, 47 A.3d 1247 (Pa. Super. 2012) (unpublished memorandum).

On May 30, 2013, the Pennsylvania Supreme Court vacated this Court's affirmance of Peterson's judgment of sentence at 16116-2007, and remanded to the trial court for resentencing, in accordance with the United States Supreme Court's decision in Miller v. Alabama, 567 U.S. 460 (2012). See Commonwealth v. Peterson, 67 A.3d 789 (Pa. 2013) (per curiam Order). On May 15, 2015, the trial court resentenced Peterson, at 16116-2007, to an aggregate term of 40 years to life in prison, and at 1812-2008, to an aggregate term of 10 to 20 years in prison. The sentences were ordered to be served consecutively. Peterson, represented by Thomas N. Farrell, Esquire ("Attorney Farrell"), filed a timely Notice of Appeal at 1812-2008. Peterson did not appeal his sentence at 16116-2007.

On September 9, 2016, this Court vacated Peterson's judgment of sentence for attempted murder at 1812-2008, and reinstated the trial court's February 1, 2010 sentence. See Commonwealth v. Peterson, 158 A.3d 174 (Pa. Super. 2016) (unpublished memorandum). This Court also ordered that the sentence at 1812-2008 run concurrently to Peterson's sentence at 16116-2007. Id.

On September 18, 2016, Peterson, pro se, filed the instant PCRA Petition, his first. The PCRA court appointed Peterson counsel, who filed an

Amended PCRA Petition. Following a hearing, the PCRA court denied Peterson's Petition. Peterson filed a timely Notice of Appeal[3] and a Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

On appeal, Peterson presents the following claims for our review:

1. PCRA [c]ounsel was ineffective for failing to allege the ineffectiveness of [t]rial [c]ounsel for failing to request the [trial c]ourt to give a limiting instruction in regards to the gang testimony.

2. PCRA [c]ounsel was ineffective for failing to object to the sentence insofar as it had not been passed by the legislature and signed into law by the governor.

Brief for Appellant at 5.[4]

_____

[3] We note that Peterson filed one Notice of Appeal for the two case numbers. Our Supreme Court has held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." Commonwealth v. Walker, 185 A.3d 969, 971 (Pa. 2018). However, the Court in Walker declined to apply the rule to the case before it, because to do so would run "contrary to decades of case law from [the Pennsylvania Supreme Court] and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." Id. Although the Court instructed that in all future cases, a failure to file a notice of appeal for each lower court docket will result in quashal of the appeal, Peterson's Notice of Appeal was filed prior to the Walker ruling. Accordingly, Walker is not controlling in the instant appeal, and we decline to quash Peterson's appeal on these grounds.

[4] Peterson purports to challenge the effectiveness of "PCRA counsel." However, it appears that Peterson mistakenly believes that the appeal from his May 15, 2015 resentencing, filed by Attorney Farrell, was Peterson's first PCRA Petition. See Brief for Appellant at 4 (stating that the present PCRA Petition is Peterson's second); see also id. at 8 (referring to counsel for Peterson following Peterson's May 15, 2015 resentencing as "original PCRA counsel."). Based on Peterson's mistaken belief, and because we presume that present counsel is not challenging his own effectiveness regarding the

"The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." Commonwealth v. Weimer, 167 A.3d 78, 81 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." Id. (citation omitted).

We will address Peterson's claims together, as both claims challenge the effectiveness of Peterson's counsel. See Brief for Appellant at 6-7. Peterson alleges that his trial counsel was ineffective for failing to request a jury instruction regarding testimony about Peterson's affiliation with a gang, and Attorney Farrell was ineffective for failing to raise trial counsel's ineffectiveness on appeal.

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish that "the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that [the a]ppellant was prejudiced." Commonwealth v. Charleston, 94 A.3d 1012, 1020 (Pa. Super. 2014). "A

_____

present PCRA Petition, we will address the effectiveness of Attorney Farrell on appeal from Peterson's May 15, 2015 resentencing.

- 4 -

PCRA petitioner must address each of these prongs on appeal." Commonwealth v. Wholaver, 177 A.3d 136, 144 (Pa. 2018).

Additionally,

> [w]here the defendant asserts a layered ineffectiveness claim[,] he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney. Layered claims of ineffectiveness are not wholly distinct from the underlying claims, because proof of the underlying claim is an essential element of the derivative ineffectiveness claim. In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

Commonwealth v. Rykard, 55 A.3d 1177, 1190 (Pa. Super. 2012) (citations, quotation marks and brackets omitted).

Here, Peterson fails to develop any meaningful argument as to the ineffectiveness of trial counsel or Attorney Farrell. Specifically, Peterson has not stated how his underlying claim has merit, how trial counsel and Attorney Farrell lacked reasonable bases for their actions, and how Peterson was prejudiced by the omissions, both at trial and on appeal. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." Commonwealth v. Johnson, 985 A.2d 915, 924 (Pa. 2009). It is not the role of this Court to "formulate [an a]ppellant's arguments for him." Id. at 925; see also

Commonwealth v. Chmiel, 30 A.3d 1111, 1128 (Pa. 2011) (noting that boilerplate allegations and bald assertions cannot satisfy a petitioner's burden to prove ineffective assistance of counsel). Because Peterson failed to properly develop this claim for our review, it is waived.

In his second claim, Peterson alleges that Attorney Farrell was ineffective for failing to appeal Peterson's sentence of 40 years to life in prison. Brief for Appellant at 8-9. Peterson claims that the trial court's minimum sentence of 40 years is illegal. He argues that "no maximum minimum sentence ha[s] been passed by the legislature and signed into law by the governor." Id. at 8. Therefore, according to Peterson, the highest minimum sentence that the trial court could have sentenced Peterson to for first degree murder was twenty years. Id. at 9.

Here, like Peterson's first claim, he has failed to develop any argument for why trial counsel and Attorney Farrell were ineffective for not raising this objection, how they lacked a reasonable basis for doing so, and how Peterson was prejudiced by these omissions. Accordingly, this claim is waived. See Johnson, supra; Chmiel, supra.

Based on the foregoing, the PCRA court properly denied Peterson's PCRA Petition.

Order affirmed.

Judge McLaughlin joins the memorandum.

P.J.E. Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:   6/20/2019