J-S30042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                    PENNSYLVANIA
:
v.                                          :
:
:
:
DEMETRIUS YOUNG,                            :
:
Appellant            :            No. 3 EDA 2018

Appeal from the PCRA Order November 16, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003197-2012

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 1, 2019**

Demetrius Young ("Young") appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On July 22, 2013, following a non-jury trial, Young was found guilty of various weapons charges related to his concealed possession of a weapon in a Philadelphia bar.  The trial court sentenced Young to an aggregate term of 6 to 12 years in prison.  This Court affirmed the judgment of sentence. ***Commonwealth v. Young***, 134 A.3d 493 (Pa. Super. 2015) (unpublished memorandum).  Young did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On January 9, 2015, Young, *pro se*, filed the instant timely PCRA Petition.  The PCRA court appointed Young counsel, who filed an Amended Petition.  On November 16, 2017, the PCRA court dismissed Young's Petition

without a hearing.[1]  Young filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Young presents the following claim for our review:

Did the [PCRA c]ourt err when it dismissed [Young's] PCRA [Petition] and denied relief to [Young], without holding an evidentiary hearing, even though [Young] properly pled, and would have been able to prove, that he was entitled to such hearing and/or entitled to a new trial as the result of ineffectiveness of trial counsel?

Brief for Appellant at 3.

Young alleges that his trial counsel was ineffective for failing to file a pre-trial motion challenging the search of his person by police that resulted in discovery of the concealed weapon.  Brief for Appellant at 7-10.  Young argues that the police lacked probable cause to conduct the search.  *Id.* at 9.  Young states that the gun was not visible; he did not make any suspicious movements; and the police did not receive a tip that Young was carrying a weapon.  *Id.* at 9-10.  Additionally, Young argues that the PCRA court erred in denying him an evidentiary hearing.  *Id.* at 8.

"The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free

---

[1] A review of the record reveals that the PCRA court did not give notice of its intent to dismiss Young's PCRA Petition, as required by Pa.R.Crim.P. 907. However, because Young has not raised this deficiency on appeal, it is waived. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (stating that "[t]he failure to challenge the absence of a Rule 907 notice constitutes waiver.").

of legal error." ***Commonwealth v. Weimer***, 167 A.3d 78, 81 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Id.*** (citation omitted). Further, "a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." ***Commonwealth v. Brown***, 161 A.3d 960, 964 (Pa. Super. 2017) (citations omitted). "[A]s to ineffectiveness claims in particular, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required." ***Commonwealth v. Baumhammers***, 92 A.3d 708, 726-27 (Pa. 2014).

Here, trial counsel presented a pre-trial Motion challenging the search. ***See*** PCRA Court Opinion, 4/1/18, at 10. Indeed, as stated by the PCRA court,

> [t]he record discloses [that] trial counsel orally presented and litigated a [M]otion to suppress the gun found on [Young's person….] [Trial counsel argued that the police] had no probable cause or reasonable suspicion to stop [Young] or to take the firearm that was found on his person. [Young] illogically – and incorrectly – attempts to claim trial counsel's ineffectiveness for failing to litigate a [M]otion to suppress that was, in fact, argued, litigated[,] and denied before the trial court.

***Id.*** (citation to record and quotation marks omitted). Accordingly, Young's claim lacks arguable merit, and the PCRA court did not abuse its discretion in dismissing Young's Petition without a hearing.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/1/19