J-S47031-19

2019 PA Super 342

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES R. CRUZ, JR. | : | |
| | : | |
| Appellant | : | No. 110 MDA 2019 |

Appeal from the PCRA Order Entered December 18, 2018
in the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001246-1993

BEFORE: DUBOW, J., NICHOLS, J., and MUSMANNO, J.

OPINION BY MUSMANNO, J.:                    **FILED NOVEMBER 15, 2019**

James R. Cruz, Jr. ("Cruz"), appeals from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We reverse and remand for further proceedings.

This Court previously set forth the relevant factual background as follows:

> Cruz was convicted of criminal homicide and theft on June 14, 1994[,] and was sentenced to life imprisonment. At trial, the Commonwealth entered evidence relating to a number of hairs, recovered during the underlying criminal investigation, which implicated Cruz in the murder. Specifically, hair identified as belonging to the victim was found in the cab of Cruz's truck, and hair identified as belonging to Cruz was found on the ropes that had been used to bind and fatally strangle the victim.
>
> To establish that the recovered hairs belonged to Cruz and to the victim, the Commonwealth relied, in part, on microscopic hair analysis. [Federal Bureau of Investigation ("FBI")] Agent Chester Blythe [("Agent Blythe")] testified at trial regarding the use of microscopic hair analysis as a forensic method. In [his] testimony, Agent Blythe drew scientific conclusions that implicated Cruz in the murder of the victim. …

***Commonwealth v. Cruz***, 178 A.3d 208 (Pa. Super. 2017) (unpublished memorandum at 1). On December 22, 1995, this Court affirmed Cruz's judgment of sentence. ***See Commonwealth v. Cruz***, 674 A.2d 313 (Pa. Super. 1995) (unpublished memorandum), ***appeal denied***, 544 Pa. 673 (Pa. 1996).

On March 10, 1997, Cruz filed his first PCRA Petition. The PCRA court dismissed Cruz's Petition, and this Court affirmed the dismissal. ***See Commonwealth v. Cruz***, 120 A.3d 1047 (Pa. Super. 2015) (unpublished memorandum), ***appeal denied***, 633 Pa. 753 (Pa. 2015). "On April 20, 2015, the [FBI] issued a press release admitting, for the first time, that testimony by FBI analysts regarding microscopic hair analysis in criminal trials was erroneous in the vast majority of cases (hereinafter, "FBI press release")." ***Commonwealth v. Chmiel***, 173 A.3d 617, 619 (Pa. 2017).

On September 10, 2015, Cruz filed the instant, *pro se*, PCRA Petition, alleging that he had received a letter from the Department of Justice (the "DOJ letter"), advising him that Agent Blythe's testimony at his trial contained erroneous statements.[1] The PCRA court appointed Cruz counsel, who filed an Amended Petition, arguing that Cruz's PCRA Petition was timely filed under the "newly-discovered fact" exception. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii).

_____

[1] Specifically, the DOJ letter states, in relevant part, "[w]e have determined that the microscopic hair comparison analysis testimony or laboratory report presented in this case included statements that exceeded the limits of science … and were, therefore, invalid…." Brief for Appellant, Appendix C.

After filing a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, the PCRA court dismissed the Petition without a hearing. This Court affirmed the Order of the PCRA court, holding that Cruz's Petition was untimely, and did not qualify for any of the three timeliness exceptions. *See Commonwealth v. Cruz*, 178 A.3d 208 (Pa. Super. 2017) (unpublished memorandum).

Notably, the *Cruz* Court, relying on *Commonwealth v. Edmiston*, 65 A.3d 339 (Pa. 2013), held that the information within the DOJ letter was not a "newly-discovered fact," but was instead, "a new source of previously knowable facts." *Cruz*, 178 A.3d 208 (unpublished memorandum at 3). The *Cruz* court stated that the FBI press release was merely new analysis of old facts, and therefore, did not support a timeliness exception under section 9545(b)(1)(ii). *Id.*

Cruz sought allowance of appeal with our Supreme Court. The Pennsylvania Supreme Court granted Cruz's Petition for allowance of appeal, vacated this Court's order, and remanded to the PCRA court, in light of the Pennsylvania Supreme Court's decision in *Chmiel*, 173 A.3d at 628 (holding that the FBI press release is a newly-discovered fact "upon which [appellant]'s underlying claim is predicated," as that phrase is defined in the PCRA's exception to the one-year filing requirement, 42 Pa.C.S.A. § 9545(b)(1)(ii)). *See Commonwealth v. Cruz*, 183 A.3d 348 (Pa. 2018) (unpublished per curiam order).

On remand, the PCRA court dismissed Cruz's Petition without a hearing, finding that, even in light of the Pennsylvania Supreme Court's holding in **Chmiel**, Cruz's Petition was untimely. **See** PCRA Court Opinion, 12/14/18, at 1-2 (unnumbered). The PCRA court reasoned that Cruz's sixty-day time limit for asserting the newly-discovered fact exception started on April 20, 2015, the date of the FBI press release. The PCRA court determined that Cruz's PCRA Petition, dated September 10, 2015, was untimely. Cruz filed a timely Notice of Appeal and a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Cruz presents the following questions for our review:

1) Did the PCRA [c]ourt misinterpret the Pennsylvania Supreme Court's remand for compliance with [**Chmiel**, **supra**,] and improperly dismiss the PCRA Petition as untimely?

2) Did the PCRA [c]ourt fail to recognize the PCRA Petition was timely filed within 60 days of counsel's receipt of the FBI letter identifying the flawed DNA analysis and acknowledging that the United States was waiving any default defense to permit resolution of legal claims?

Brief for Appellant at 4. We will address Cruz's issues together, as they both challenge the PCRA court's application of **Chmiel**.

Cruz alleges that the PCRA court misinterpreted our Supreme Court's holding in **Chmiel**, 173 A.3d 617. **See** Brief for Appellant at 10-17. According to Cruz, he relies on new facts from the DOJ letter, not the FBI press release. **Id.** at 10-14. Cruz states that the DOJ letter is dated July 27, 2015, and he

filed his PCRA Petition on September 10, 2015, within the PCRA's sixty-day time limit, *see* 42 Pa.C.S.A. § 9545(b)(2).[2] *See* Brief for Appellant at 15-17.

"The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Weimer*, 167 A.3d 78, 81 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id.* (citation omitted). Further, "a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." *Commonwealth v. Brown*, 161 A.3d 960, 964 (Pa. Super. 2017) (citations omitted).

Section 9545(b)(1)(ii) states that

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

* * *

---

[2] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (*i.e.*, Dec. 24, 2018), extending the time for filing from 60 days of the date the claim could have been first presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3 (hereinafter "Act 146"). In the instant case, the one-year time limit of Act 146 does not apply to Cruz's PCRA Petition, since he filed it on September 10, 2015.

(ii) **the facts upon which the claim is predicated** were unknown to the petitioner and could not have been ascertained by the exercise of due diligence….

42 Pa.C.S.A. § 9545(b)(1)(ii) (emphasis added).

In **Chmiel**, the Pennsylvania Supreme Court distinguished the appellant's case from the facts in **Edmiston**. **Chmiel**, 173 A.3d at 626. The **Chmiel** Court stated that whereas the "newly-discovered facts" asserted in **Edmiston** "were not new, and had existed in various sources prior to publication of the report,"

the FBI press release is not old wine in a new bottle …; it was a public admission by the FBI, as the nation's premier law enforcement agency and the proponent of this forensic technique, of widespread error. It is this concession, not the suspected unreliability of the forensic evidence as developed through scientific advancements, that triggers the sixty-day window within which [the appellant] was required to file his claim.

**Id.** Therefore, the FBI press release triggered the appellant's sixty-day window to file his PCRA petition. **Id.** at 628.

Here, Cruz's newly-discovered fact is the DOJ and FBI's specific admission that Agent Blythe's testimony, in particular, contains erroneous statements, not the DOJ and FBI's general admission that Cruz's case might be one of the thousands of cases that was based on bad science. Thus, the July 27, 2015 DOJ letter, and not the FBI press release, triggered the sixty-day time limit. **See**, **e.g.**, **Chmiel**, 173 A.3d at 625-26; 42 Pa.C.S.A. § 9545(b)(2). Therefore, Cruz filed his PCRA Petition within sixty days of discovering these new facts, on September 10, 2015. Accordingly, we reverse

the Order of the PCRA court dismissing Cruz's Petition as untimely, and we remand for further proceedings.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2019