J-S08039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MICHAEL ROLAND JOHNSON, :
:
Appellant : No. 1392 WDA 2019

Appeal from the PCRA Order Entered August 12, 2019
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001370-2018

BEFORE: OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MAY 1, 2020**

Michael Roland Johnson ("Johnson") appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On July 10, 2017, Johnson was charged with recklessly endangering another person, firearms not to be carried without a license, and possessing instruments of crime, related to the discharge of a gun inside of a bar in Erie, Pennsylvania.[1] Johnson filed a pre-trial Motion to suppress, challenging the photo array used to identify Johnson as the suspect. On February 4, 2019, following a jury trial, Johnson was convicted of the above-described charges. The trial court sentenced Johnson to an aggregate term of 42 to

---

[1] *See* 18 Pa.C.S.A. §§ 2705, 6106(a)(1), 907(b).

84 months in prison and 3 years of probation. Johnson did not file a direct appeal.

On April 3, 2019, Johnson, filed the instant, *pro se*, PCRA Petition. The PCRA court appointed Johnson counsel, who filed an Amended PCRA Petition. On August 12, 2019, the trial court denied Johnson's Petition without a hearing.[2] Johnson filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

On appeal, Johnson presents the following claim for our review:

> Whether defense counsel was ineffective in failing to investigate and present evidence[,] for purposes of supporting the suppression motion as well as during the course of the trial[,] that [Johnson] never used any aliases[,] including the aliases employed by the police in developing him as a suspect[,] prompting the identification process by and through Jonathan Bliss picking him out of an otherwise tainted and patently suggestive police lineup?

Brief for Appellant at 3.

"The standard of review of an order [denying] a PCRA petition is whether that determination is supported by the evidence of record and is

_____

[2] We note that the PCRA court did not provide notice to Johnson of its intent to dismiss his Petition without a hearing, as required by Pa.R.Crim.P. 907. However, because the PCRA court ordered the appointment of counsel, the filing of an amended petition, and the briefing of the legal issues presented, the PCRA court did not violate Rule 907 by summarily dismissing the PCRA Petition without notice. **See Commonwealth v. Albrecht**, 720 A.2d 693, 709-10 (Pa. 1998) (stating that where counsel was appointed, and was provided the opportunity to file an amended petition and a brief of the legal issues presented, the PCRA court did not violate Pa.R.Crim.P. 1507(a), predecessor to Rule 907, by dismissing the petitioner's PCRA petition without notice).

free of legal error." **Commonwealth v. Weimer**, 167 A.3d 78, 81 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Id.** (citation omitted). Further, "a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." **Commonwealth v. Brown**, 161 A.3d 960, 964 (Pa. Super. 2017) (citations omitted). "[A]s to ineffectiveness claims in particular, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required." **Commonwealth v. Baumhammers**, 92 A.3d 708, 726-27 (Pa. 2014).

Johnson alleges that his trial counsel was ineffective in failing to investigate and provide evidence in support of his pre-trial suppression Motion. **See** Brief for Appellant at 5-10. Johnson argues that the evidence linking him to the shooting was unreliable, and led to a faulty identification of Johnson as a suspect. **Id.**

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner

must establish that "the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that [the a]ppellant was prejudiced." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1020 (Pa. Super. 2014). "A PCRA petitioner must address each of these prongs on appeal." ***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018).

Johnson argues the merits of the underlying claim, but fails to develop the remaining two prongs of the ineffectiveness test. Johnson fails to argue that counsel lacked a reasonable basis for not making the arguments he raises here, and that Johnson suffered prejudice as a result, and fails to cite to any authority or present any legal argument in support of his claims. ***See*** Pa.R.A.P. 2119. Because Johnson has failed to properly develop this issue for our review, it is waived. ***See Commonwealth v. Clayton***, 816 A.2d 217, 221 (Pa. 2002) (stating that an "appellant's failure to develop any argument at all concerning the second and third prongs of the ineffectiveness test … results in waiver of" the claim).

Order affirmed.

Judge McCaffery joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2020