J-S45045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER LEE ROBINSON | : | |
| | : | |
| Appellant | : | No. 1144 EDA 2022 |

Appeal from the PCRA Order Entered March 24, 2022
In the Court of Common Pleas of Monroe County
Criminal Division at CP-45-CR-0002139-2013

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                      **FILED MARCH 8, 2023**

Christopher Lee Robinson (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

This Court previously explained:

> Following a traffic stop, Appellant was arrested and charged with possession of a controlled substance with the intent to deliver ("PWID"), possession of a controlled substance, and possession of drug paraphernalia.  [*See* 35 P.S. § 780-113(a)(30), (16), (32)].  On April 10, 2014, a jury found Appellant guilty of possession of a controlled substance and possession of drug paraphernalia.  The jury, however, was unable to come to a decision on the PWID charge and the trial court thus declared a mistrial as to that charge.  *See Commonwealth v. Robinson*, 131 A.3d 81 (Pa. Super. 2015) (unpublished memorandum) at 1-4; Trial Court Order, 4/10/14, at 1.  On June 24, 2014, the trial court sentenced Appellant to serve an aggregate term of one to two years in prison for his convictions and, on August 4, 2015, this Court affirmed Appellant's judgment of sentence.  ***Commonwealth v.***

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

> **Robinson**, 131 A.3d 81 (Pa. Super. 2015) (unpublished
> memorandum) at 1-20.
>
> The Commonwealth then re-listed the PWID charge for trial.
> Following an October 12, 2017 trial, the jury again deadlocked on
> the PWID charge and, again, a mistrial was ordered on that
> charge. The Commonwealth re-listed the PWID charge for a third
> trial and, after a November 22, 2017 jury trial, Appellant was
> found guilty of PWID. On January 24, 2018, the trial court
> sentenced Appellant to serve a term of 33 to 84 months in prison
> for his PWID conviction, with credit for 314 days of time served
> "to reflect [the] time [Appellant] served both for the lesser
> included offense of possession of a controlled substance, as well
> as for periods when he was incarcerated pending trial." Trial Court
> Order, 1/24/18, at 1-2; Appellant's Motion for Reconsideration of
> Sentence, 2/5/18, at 1. On February 9, 2018, the trial court
> granted Appellant's motion for reconsideration of sentence and
> declared that Appellant was entitled to 28 additional days of credit
> for time served. Trial Court Order, 2/9/18, at 1.

**Commonwealth v. Robinson**, 237 A.2d 1076 (Pa. Super. 2020)

(unpublished memorandum at 1-3).

Procedural issues arose after the trial court entered Appellant's

judgment of sentence. Relevantly, Appellant filed a notice of appeal, and on

June 23, 2020, this Court affirmed his judgment of sentence. **See id.**

(unpublished memorandum at 8). Appellant did not petition for allowance of

appeal to the Pennsylvania Supreme Court.

On June 18, 2021, Appellant timely filed the instant PCRA petition *pro

se*. Appellant subsequently obtained counsel, who filed an amended PCRA

petition on October 21, 2021. The PCRA court held an evidentiary hearing on

March 21, 2022, and thereafter entered the order denying relief. Appellant

filed this timely appeal.

On May 18, 2022, Appellant filed a court-ordered Pa.R.A.P. 1925(b) concise statement. However, Appellant did not request the transcript from the PCRA hearing until the next day. The PCRA court ordered the transcript on May 20, 2022. The docket reflects transmittal of the record to this Court on June 1, 2022. Appellant filed the transcript from the PCRA hearing with this Court on June 28, 2022.

Appellant presents two questions for review:

1. Whether or not the trial court erred as a matter of law and abused its discretion in failing to find counsel was ineffective at trial for failing to include an authentication and hearsay claim in the [Pa.R.A.P. 1925(b)] statement[?]

2. Whether the trial court erred as a matter of law and abused its discretion in failing to find counsel was ineffective for failing to request the transcription of the notes of testimony from the November 27, 2017, trial in order to prosecute the appeal filed on behalf of the Appellant to the Superior Court docketed to 814 EDA 2018, inasmuch that the Superior Court could not adjudicate the appeal without the trial record, which resulted in the Superior Court affirming the decision[?]

Appellant's Brief at 6.

"The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Weimer*, 167 A.3d 78, 81 (Pa. Super. 2017). "The PCRA court's factual findings are binding if the record supports them, and we review the court's legal conclusions *de novo.*" *Commonwealth v. Prater*, 256 A.3d 1274, 1282 (Pa. Super. 2021).

With respect to Appellant's assertion of counsel's ineffectiveness:

> It is well-established that to succeed on a claim asserting the ineffective assistance of counsel, the petitioner must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. ***Commonwealth v. Pierce***, 527 A.2d 973, 975–76 (Pa. 1987). If a petitioner fails to satisfy any of the three prongs of the ineffectiveness inquiry, his claim fails. ***Commonwealth v. Brown***, 196 A.3d 130, 150–51 (Pa. 2018).

***Commonwealth v. Parrish***, 273 A.3d 989, 1003 n.11 (Pa. 2022).

Appellant's issues are related. In his first issue, Appellant argues his direct appeal counsel, Robert Saurman, Esquire (Counsel), rendered ineffective assistance by failing to preserve a challenge to the admissibility of text messages. Appellant's Brief at 16. Appellant asserts Counsel failed to raise the issue in the Pa.R.A.P. 1925(b) concise statement filed in his direct appeal. Appellant further states:

> Upon appeal, there was no transcript of the proceedings available to the Superior Court to evaluate the issue of the text messages being introduced at trial over objection. This failure to include said issue along with the means for the Superior Court to analyze same and resulting waiver was not the "result of any rational, strategic, or tactical decision by counsel." Thus this claim may be raised in a PCRA petition. 42 Pa.C.S.A. section 9543(a)(4).

Appellant's Brief at 16.

Appellant specifically challenges the trial court's admission of the text messages to support the Commonwealth's claim that Appellant was selling drugs. ***Id.*** at 19. Appellant claims the texts were "tempor[al]ly unrelated and referred to marijuana." ***Id.*** According to Appellant, it was

- 4 -

improper to admit the substance of these text[s] or any interpretation thereof[,] as the Commonwealth would not at trial have been able to authenticate these messages and even if they could, the content of the messages is hearsay without exception, and therefore the admission of the text messages in connection with the law enforcement officer's interpretation of the texts would violate the Pennsylvania Rules of Evidence….

*Id.* at 19-20; *see also id.* at 20, 22 (claiming Counsel failed to challenge the lack of authentication under Pa.R.E. 901).

Importantly, Appellant acknowledges:

**Due to the Superior Court not having a transcript available … [the Court] found that it could not address [Appellant's] appeal** as to the introduction at his third trial of the irrelevant hearsay which also clearly violated Pa.R.E. 404(b) [(precluding prior bad acts evidence)].

Appellant's Brief at 32 (emphasis added, some capitalization modified).

In his second issue, Appellant implies that Counsel is to blame for the lack of the trial transcript. Appellant states:

Due to the Superior Court not having a transcript available to it, [the Court] found that it could not address petitioner's appeal as to the introduction at his third trial of irrelevant hearsay which also clearly violated Pa.R.E. 404(b).

*Id.* Appellant concedes that "effective [a]ppellate review can only be conducted by an [a]ppellate [c]ourt when it is adequately informed of the rulings of the lower court with supporting explanation." *Id.* at 33.

The PCRA court found Appellant's issues waived due to his failure to timely file the transcript from the PCRA hearing. The PCRA court explained:

We placed the reasons for our decision on the record at the Conclusion of the March 21, 2022 hearing. [Appellant] did not request the transcript of that proceeding until he filed his

- 5 -

Statement pursuant to [Pa.R.A.P.] 1925(b) on May 19, 2022. In fact, [Appellant's] request for transcript was filed on the day his 1925(b) was due and 29 days after the filing of his Notice of Appeal. [The PCRA court] delayed the preparation of [its opinion] with the hope that the transcript would be quickly filed. [The PCRA court is] unable to wait any longer. Because [Appellant] failed to timely request the transcript of [the PCRA] proceeding, [the court is] unable to address the merits of the errors [Appellant] contends th[e] court made in its March 21, 2022 order any further. We submit that the alleged errors are waived.

PCRA Court Opinion, 6/9/22, at 1.

As noted, Appellant filed the PCRA hearing transcript on June 28, 2022. Thus, we decline to deem Appellant's issues waived, as we are able to review them on the record. *See Prater*, 256 A.3d at 1285 n.3 (recognizing this Court may affirm the PCRA court's ruling for any reason supported by the record).

Our review discloses that at the PCRA hearing, Appellant confirmed he was represented at trial by privately-retained Counsel. N.T., 3/21/22, at 16. Following trial, sentencing, and the disposition of Appellant's post-sentence motion, Counsel sought to withdraw from representation. *See* Motion to Withdraw, 2/16/18, at 1-2. The trial court denied Counsel's request

without prejudice[,] as a result of counsel's failure to provide a written fee agreement in conformity with the Pennsylvania Rules of Professional Conduct.

Counsel is directed to communicate in writing with [Appellant] in an effort to attempt to agree upon a written fee agreement. In the event [C]ounsel and [Appellant] are unable to arrive at a written fee agreement within 45 days, [C]ounsel may re-petition the [c]ourt for leave to withdraw….

Order, 5/29/18.

Because Appellant had filed a notice of appeal *pro se*, the trial court directed Counsel to file a Pa.R.A.P. 1925(b) concise statement for Appellant. *See id.* The trial court also ordered the trial transcript. Order for Transcription, 5/29/18. On May 31, 2018, the Clerk of Courts filed a Notice of Completion of the Transcript, with a $45.00 invoice. Notice of Completion, 5/31/18.

> Appellant's counsel then filed an advocate's brief in this Court. However, after counsel filed his brief, the trial court entered an order permitting counsel to withdraw. *See* Docket Entry at 5/6/19; *but see Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81, 82 (Pa. 1998) ("[the Pennsylvania Supreme Court has] held … that when an appellant requests *pro se* status after his counsel has filed an appellate brief, the request is untimely"). Because of this development, we remanded the case to the trial court to determine whether Appellant desired to waive his right to counsel. *See* Judgment Order, 7/19/19, at 1-3. Following a *Grazier* hearing, the trial court found that Appellant knowingly and voluntarily decided to proceed *pro se* for the remainder of the proceedings. *See* Trial Court Order, 1/9/20, at 1.

*Commonwealth v. Robinson*, 237 A.3d 1076 (Pa. Super. 2020) (unpublished memorandum at 2-3) (some citations and footnote omitted).

Thereafter, Appellant proceeded with his appeal *pro* se, but did not supplement the record with the trial transcript. In affirming Appellant's judgment of sentence, we explained:

> Appellant did not include the trial transcript in the certified record and, as the trial court concluded, Appellant "never paid for the trial transcript in this matter, and none was transcribed or produced." Trial Court Opinion, at 4. Since Appellant has not been granted *in forma pauperis* status in this case, Appellant has waived his claim of trial court error, as we do not have any ability to read the transcript or analyze this claim of error.

*Id.* (unpublished memorandum at 6) (citation omitted).

Appellant claims Counsel's ineffectiveness caused waiver on direct appeal, but ignores that he chose to proceed *pro se.* The law is well-settled:

> [An] appellant is not entitled to any particular advantage because []he lacks legal training. As our Supreme Court has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing.

***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996) (citation omitted, capitalization modified); ***see also Commonwealth v. Blakeny***, 108 A.3d 739, 766 (Pa. 2014) ("Although courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel[.]").

On appeal, it is the appellant's "responsibility to ensure that this Court has the complete record necessary to properly review a claim." ***Commonwealth v. Tucker***, 143 A.3d 955, 963 n.3 (Pa. Super. 2016). The Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary for resolution of issues raised on appeal. ***See*** Pa.R.A.P. 1911(a). Here, we reiterate that Appellant did not seek *in forma pauperis* status on direct appeal. ***Robinson***, 237 A.3d 1076 (Pa. Super. 2020) (unpublished memorandum at 6). Appellant failed to file the trial transcript or request a continuance to secure the transcript. ***See*** N.T., 3/21/21, at 58 (PCRA court observing Appellant "could have requested additional time to file the transcript."). The PCRA court stated:

- 8 -

I do believe [Appellant] was verbally apprised of his -- of how to go about getting the transcript, what it would entail, and that he was given his rights on how to go about doing that.

*Id.* at 59. Accordingly, Appellant's claim that Counsel's ineffectiveness caused waiver in his direct appeal is not supported in the record and lacks arguable merit. *See Spotz*, 84 A.3d at 311-12.

Finally, Appellant's ineffectiveness claim based on Counsel's deficient Pa.R.A.P. 1925(b) concise statement does not merit relief. The PCRA requires a petitioner to plead and prove that his claim has not been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). The record confirms Appellant waived his evidentiary issue concerning the text messages when he failed to file the trial transcript. *Robinson*, 237 A.3d 1076 (Pa. Super. 2020) (unpublished memorandum at 6). Thus, this claim not merit relief.

Discerning no error or abuse of discretion, we affirm the PCRA court's order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/08/2023

- 9 -