J-A05044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MOENELL AARON COLEMAN | : | |
| | : | |
| Appellant | : | No. 607 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 7, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006282-2019

BEFORE: DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:            **FILED MARCH 4, 2024**

Moenell Aaron Coleman ("Coleman") appeals from the judgment of sentence imposed following his convictions for retail theft and receiving stolen property, both graded as misdemeanors of the first degree.[1]  We affirm.

A detailed recitation of the underlying factual history is not necessary for this appeal. We briefly note that the matter proceeded to a bench trial. The trial court heard testimony from a Lord & Taylor loss prevention officer, Kiara Perez ("Perez"), found her testimony credible and convicted Coleman for both retail theft and receiving stolen property.  Coleman did not testify or present any evidence in his defense.

The trial court immediately conducted a sentencing hearing at which it found the value of the stolen items to be $250, based on Perez's credible

---

[1] **See** 18 Pa.C.S.A. §§ 3929(a)(1), (b)(1)(iii), 3925(a).

testimony about the value of the stolen merchandise. *See* N.T., 10/7/22, at 22, 29. The trial court graded the retail theft charge as a misdemeanor of the first degree. *Id*. at 47. The trial court also graded the conviction for receiving stolen property as a misdemeanor of the first degree. *Id*. After concluding that the receiving stolen property conviction merged with the retail theft conviction, the trial court imposed a standard range sentence of time served to twenty-three months' imprisonment followed by a consecutive one-year term of probation. *See id*. at 50-51.

Coleman filed a motion to reconsider sentence, which the trial court denied. Coleman then filed a timely notice of appeal and a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[2] The trial court then authored a Rule 1925(a) opinion.

Coleman raises the following issues for our review:

I.    Did the trial court err in grading [Coleman's] retail theft conviction in this matter as a misdemeanor of the first degree because it was not proven beyond a reasonable doubt that the value of the merchandise was $150 or more?

II.   Did the trial court err in grading [Coleman's] receiving stolen property conviction in this matter as a misdemeanor of the first degree because the value of the property could not be satisfactorily ascertained?

Coleman's Brief at 3 (emphasis omitted).

---

[2] This Court initially dismissed Coleman's appeal due to counsel's failure to file a brief on his behalf; however, this Court reinstated Coleman's appeal upon counsel's application for reconsideration.

Coleman's issues purport to challenge the sufficiency of the evidence supporting the grading of his convictions as first-degree misdemeanors based on a lack of credible evidence relating to the value of the stolen merchandise. However, the proper grading of a criminal offense is an issue of statutory interpretation and implicates the legality of the sentence imposed. ***See Commonwealth v. Rossetti***, 863 A.2d 1185, 1193 (Pa. Super. 2004); ***see also Commonwealth v. Weimer***, 167 A.3d 78, 83 n.6 (Pa. Super. 2017) (holding that the proper grading of an offense is a challenge to the legality of a sentence). The interpretation of a statute is a pure question of law, and therefore our standard of review is *de novo* and our scope of review is plenary. ***See Commonwealth v. Davidson***, 938 A.2d 198, 203 (Pa. 2007).[3]

Coleman's first claim challenges the grading of his conviction for retail theft. A person commits retail theft when he or she:

> (1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof[.]

18 Pa.C.S.A. § 3929(a)(1). A conviction for retail theft constitutes "a misdemeanor of the first degree when the offense is a first or second offense

---

[3] Although Coleman did not raise an illegal sentencing claim in the trial court, a challenge to the legality of sentence is never waived and may be the subject of inquiry by the appellate court *sua sponte.* ***See Commonwealth v. Hoffman***, 198 A.3d 1112, 1123 (Pa. Super. 2018).

and the value of the merchandise is $150 or more." 18 Pa.C.S.A. § 3929(b)(1)(iii).

Coleman contends that the Commonwealth failed to prove the specific value of the stolen items to justify grading his conviction for retail theft as a misdemeanor of the first degree under section 3929(b)(1)(iii). Coleman asserts that Perez's testimony regarding the value of the stolen items "was nothing more than an estimate based on surmise and conjecture." Coleman's Brief at 12.[4]

Here, the trial court concluded that Coleman's retail theft conviction should be graded as a misdemeanor of the first degree based on the factual finding that the stolen merchandise totaled $250. The trial court found Perez's unrebutted testimony credible and accepted it to determine the value of the

---

[4] Coleman's brief alleges that Perez's testimony was inconsistent with the Commonwealth's case insofar as she testified that she had taken photographs of the stolen merchandise and secured a video recording of the crime. However, these inconsistencies implicate the weight of the evidence supporting Coleman's convictions. *See Commonwealth v. DeJesus*, 860 A.2d 102, 107 (Pa. 2004) (noting that questions concerning inconsistent testimony go to the credibility of the witness, and hence, implicate the weight, rather than sufficiency of the evidence). Although Coleman raised a weight challenge in his post-sentence motion, no weight challenge was raised in his concise statement. Accordingly, since Coleman failed to preserve any weight challenge for our review, we may not address it. *See Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998) (holding that when a trial court directs a defendant to file a concise statement of matters complained of on appeal pursuant to Rule 1925(b), any issues not raised in that statement will are waived); *see also* Pa.R.A.P. 1925(b)(3)(vii) (providing that "issues not included in the Statement . . . are waived").

two stolen items. **See** N.T., 10/7/22, at 29, 47; **see also** Trial Court Opinion, 7/13/23, at 3, 7. As explained by the trial court:

> [T]he Commonwealth had the burden to demonstrate that the value of both the Ralph Lauren Polo track suit jacket along with the track suit pants totaled more than $150.00. . . . [T]he Commonwealth did not need to demonstrate that the exact value of the Polo track suit jacket and pants was $250.00, or $125.00 each for the jacket and the pants, but, rather, that the value of the jacket and pants was $150.00 or more" [to be graded as a first degree misdemeanor]. . . .

Trial Court Opinion, 7/13/23, at 7.

We discern no error by the trial court in grading Coleman's conviction for retail theft as a first-degree misdemeanor pursuant to section 3929(b)(1)(iii) based on its factual finding that the value of the merchandise exceeded $150. Accordingly, his first issue merits no relief.

Coleman's second claim similarly challenges the gradation of his conviction for receiving stolen property. Specifically, Coleman asserts that Perez's testimony as to the $250 value of the stolen items was based on surmise and conjecture.[5]

A person is guilty of receiving stolen property when he or she "intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S.A. § 3925(a).

---

[5] We note the trial court did not address this particular argument, purportedly because the crimes merged for sentencing purposes. **See** Trial Court Opinion, 7/13/23, at 4 n.3.

With respect to the grading of a receiving stolen property conviction, pursuant to 18 Pa.C.S.A. § 3903 ("Grading of theft offenses"), a theft offense is generally graded as a misdemeanor of the first degree when it does not meet the specified criteria for felony grading. *See* 18 Pa.C.S.A. § 3903(b). A theft is graded as a misdemeanor of the second degree if the amount involved is $50 to $200, and a misdemeanor of the third degree if the amount involved is less than $50. 18 Pa.C.S.A. § 3903(b)(1)-(2).

Based upon the trial court's factual finding that the value of the stolen items was $250, we conclude that the court did not err in grading Coleman's conviction for receiving stolen property as a first-degree misdemeanor pursuant to section 3903(b). Accordingly, Coleman's second issue merits no relief.

For the foregoing reasons, Coleman failed to demonstrate that the trial court committed an error of law when grading his convictions for the purpose of sentencing. Therefore, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/4/2024

- 6 -